1  MORGAN, LEWIS & BOCKIUS LLP
   JENNIFER WHITE-SPERLING, State Bar No. 166504
2  5 Park Plaza, Suite 1750
   Irvine, CA 92614
3  Tel: 949.399.7000
   Fax: 949.399.7001
4  E-mail: jwhite-sperling@morganlewis.com

5  MORGAN, LEWIS & BOCKIUS LLP
   JASON S. MILLS, State Bar No. 225126
6  300 South Grand Avenue
   Twenty-Second Floor
7  Los Angeles, CA 90071-3132
   Tel: 213.612.2500
8  Fax: 213.612.2501
   E-mail: jmills@morganlewis.com
9
   Attorneys for Defendants
10 JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK,
   N.A.; CHASE MANHATTAN MORTGAGE CORP.

11

12

13                    UNITED STATES DISTRICT COURT

14                   SOUTHERN DISTRICT OF CALIFORNIA

15

16

17 CONCEPCION JIMENEZ, on behalf          Case No. 08cv0152 W (WMc)
   of herself and all others similarly
18 situated,                              **DEFENDANTS' MEMORANDUM
                                          OF POINTS AND AUTHORITIES
19            Plaintiff,                   IN SUPPORT OF ITS MOTION
                                          TO DISMISS PLAINTIFF'S
20       vs.                              COMPLAINT PURSUANT TO
                                          RULE 12(B)(6) AND RULE
21 JPMORGAN CHASE & CO.;                  12(B)(1)**
   JPMORGAN CHASE BANK, N.A.;
22 CHASE MANHATTAN MORTGAGE               Date:    May 5, 2008
   CORP.; and DOES 1 through 10,          Time:    10:30 a.m.
23 inclusive,                             Judge:   T. J. Whelan
                                          Dept:    Courtroom 7
24            Defendants.
                                          Trial:   None set.
25
                                          [No oral argument pursuant to Local
26                                        Rule]

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   LOS ANGELES

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................... 3

II.    BACKGROUND ......................................................................................... 4

III.   PLAINTIFF'S STATE LAW WAGE CLAIMS ARE BARRED BY THE
       RELEASE AGREEMENT SHE SIGNED. ............................................... 6

       A.    Jimenez Released Her State Wage and Hour Claims ...................... 6

       B.    Jimenez Covenanted Not To Sue With Respect To Any State Law
             Wage and Hour Claims ................................................................... 8

IV.    JIMENEZ HAS WAIVED HER ABILITY TO PROCEED WITH A
       COLLECTIVE ACTION UNDER THE FLSA. ....................................... 8

V.     JIMENEZ LACKS STANDING TO PURSUE HER CLAIMS ................ 9

       A.    Jimenez Lacks Standing Because, Contrary to her Pleadings, She
             Was Eligible For And Received Overtime Compensation. ............ 10

             1.    Jimenez's Claims Are Based on Her Alleged Ineligibility to
                   Receive Overtime Compensation. ........................................ 10

             2.    Jimenez's Pay Statements Reflect That She was Eligible for
                   and Received Overtime Pay. ................................................ 12

       B.    As a Separate Matter, Jimenez Lacks Standing to Pursue Injunctive
             Relief. ............................................................................................ 14

       C.    Jimenez Does Not Have Standing to Pursue Her Class Claims ................. 15

VI.    CONCLUSION ....................................................................................... 17

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS
(08 CV 152 W (WMC))

1

## TABLE OF AUTHORITIES

2

Page

3  *Alliance for Environmental Renewal, Inc., v. Pyramid Crossgates Co.,*
4       436 F.3d 82 (2nd Cir. 2006)...................................................................... 10

*Balistreri v. Pacific Police Department,*
5       901 F.2d 696 (9th Cir. 1990)..................................................................... 10

6  *Bell Atlantic Corp. v. Twombly,*
7       127 S. Ct. 1955 ........................................................................................ 10

*Brereton v. Bountiful City Corp.,*
8       434 F.3d 1213 (10th Cir. 2006)................................................................ 10

9  *Carter v. Countrywide Home Loans, Inc.,*
10       362 F.3d 294 (5th Cir. 2004)...................................................................... 8

*City of L.A. v. Lyons,*
11       461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) .......................... 14

12  *Diaz v. Electronics Boutique of America, Inc.,*
13       2005 WL. 2654270 (W.D.N.Y.) .......................................................... 12, 16

*DM Research, Inc. v. College of American Pathologists,*
14       170 F.3d 53 (1st Cir. 1999) ...................................................................... 12

15  *Hangarter v. Provident Life & Accident Insurance Co.,*
16       373 F.3d 998 (9th Cir. 2004)..................................................................... 14

*Hodgers-Durgin v. de la Vina,*
17       199 F.3d 1037 (9th Cir. 1999)................................................................... 15

18  *Horenstein v. Mortgage Market, Inc.,*
19       9 Fed. Appx. 618, 619 (9th Cir. 2001) ...................................................... 8

*Kinnett v. State of Kansas,*
20       Civ. Nos. 90-4209-S, 90-4214-S and 90-4215-S, 1991 WL. 241832 (D.
21       Kan. Oct. 30, 1991).................................................................................. 16

*Lee v. City of Los Angeles,*
22       250 F.3d 668 (9th Cir. 2001)..................................................................... 12

23  *Lierboe v. State Farm Mutual Automobile Insurance Co.,*
24       350 F.3d 1018 (9th Cir. 2003)................................................................... 16

*Lujan v. Defenders of Wildlife,*
25       504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ...................... 10

26  *Mantolete v. Bolger,*
27       767 F.2d 1416 (9th Cir. 1985)................................................................... 15

*Muecke v. A-Reliable Automobile Parts & Wreckers, Inc.,*
28       No. 01 Civ. 2361, 2002 WL. 1359411 (N.D. Ill. June 21, 2002) ............ 16

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

MOTION TO DISMISS
(08 CV 152 W (WMC))

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3    *O'Shea v. Littleton*,
        414 U.S. 488, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) ......................... 14, 15, 16

4

*Roberts v. Corrothers*,
5        812 F.2d 1173 (9th Cir. 1987)............................................................. 10

6    *Sacks v. Office of Foreign Assets Control*,
        466 F.3d 764 (9th Cir. 2006).............................................................. 10

7

*Snake River Farmers' Association v. Department of Labor*,
8        9 F.3d 792 (9th Cir. 2001).................................................................. 13

9    *Stock West, Inc. v. Confederate Tribes of Colville Reservation*,
        873 F.2d 1221 (9th Cir. 1989)............................................................. 10

10

11    **STATE CASES**

12

*In re Marriage of Hasso*,
13        229 Cal. App. 3d 1174 (1991) ............................................................ 7

14    *Skrbina v. Fleming Cos., Inc.*,
        45 Cal. App. 4th 1353 (1996) .......................................................... 7, 8

15

*Stambaugh v. Super. Ct.*,
16        62 Cal. App. 3d 231 (1976) ................................................................ 7

17    **FEDERAL STATUTES**

18    29 U.S.C. § 251(a)(1), (4), (7) ....................................................................... 5

19    Federal Rule of Civil Procedure 23 .............................................................. 5

20    Federal Rule of Civil Procedure 12(b)(1) .................................................... 9

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS
(08 CV 152 W (WMC))

## I.    **INTRODUCTION**

Defendants JPMorgan Chase & Co., *et al*. (together, "Defendants") seek to dismiss in its entirety Plaintiff Concepcion Jimenez's ("Jimenez" or "Plaintiff") Class/Collective Complaint. Jimenez asserts claims against Defendants alleging failure to pay overtime compensation in accordance with federal and California laws, and other related state wage-hour claims. Moreover, Jimenez seeks to bring her claims both as an opt-in FLSA collective action and opt-out class action under Rule 23.

Jimenez's claims should be dismissed. Jimenez signed a Release in which she expressly released, and covenanted not to sue the Company regarding, the state wage-hour claims she now brings in this lawsuit. Moreover, Jimenez agreed that she would not participate in, much less initiate, any collective action arising out of her employment with the Company. Accordingly, Jimenez has breached her agreement and the Release compels the dismissal of her claims.

Additionally, and in any event, Jimenez lacks standing to pursue her claims, either individually or on behalf of a class because: (1) she cannot establish injury in fact; and (2) she cannot show any causal connection between any conduct on the part of Defendants and her alleged injury. Jimenez alleges that Defendants failed to pay her overtime compensation because she was allegedly misclassified as an exempt loan officer. In fact, however, while at least one Defendant does employ exempt loan officers who are ***not*** overtime-eligible, Jimenez was employed as a Bilingual Inbound Lending Specialist and was fully eligible for, and was paid, overtime compensation. Accordingly, Defendants' alleged "misclassification" of any loan officer as exempt would not have any causal connection to any alleged injury on the part of Jimenez. For this reason, Jimenez lacks standing to pursue her claims as an allegedly misclassified employee who did not receive overtime compensation. Similarly, Jimenez also lacks standing as to her claims for injunctive relief because, as a former employee, she does not face immediate and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                                3                    MOTION TO DISMISS
                                                                 08CV0152 W (WMC)

1    irreparable harm as a result of any alleged conduct by Defendants.

2        Finally, Jimenez does not have standing to represent a class of allegedly

3    misclassified loan officers.  First, as a Bilingual Inbound Lending Specialist who

4    was eligible for and received overtime, Jimenez is not a member of the purported

5    class of allegedly misclassified exempt loan officers she seeks to represent.

6    Second, Jimenez cannot seek to represent a class of employees based on the very

7    claims that she lacks standing to pursue on her own behalf.

8        For these reasons, Jimenez's claims should be dismissed in their entirety.

9    **II.    BACKGROUND**

10        On or about October 11, 2006, Plaintiff Jimenez started her employment as a

11    "Bilingual Inbound Lending Specialist." [Declaration of Jason S. Mills in Support

12    of Defendants' Motion to Dismiss (hereinafter, "Mills Decl."), Ex. 1].  Throughout

13    her employment, Jimenez was eligible for and received overtime compensation.

14    [*Id.*, Ex. 2].

15        Before this litigation commenced, Jimenez voluntarily executed a "Release

16    Agreement" in exchange for severance pay and other severance-related benefits.

17    [*Id.*, Ex. 3.]  Before signing the Release, Jimenez was given at least 45 days to

18    consider the release, and was offered an additional seven days to revoke it if she

19    chose.  [*Id.*, Ex. 3 at Section titled "Deadline to Return; Knowing and Voluntary

20    Agreement."].  In the Release, which is discussed in more detail below, Jimenez

21    stated that she "agree[d] that the Company has paid [her] all compensation

22    (including without limitation all salary, bonus, incentive and ***overtime payments***)

23    that [she had] earned on or before the date [she] sign[ed] below, except for any

24    payments to which [she was] entitled under the terms of the Notice letter." [*Id.* at

25    Section titled "Compensation" (emphasis added)].  Additionally, in the Release,

26    Jimenez:  (1) released "any claims under any federal, state or local law, including,

27    but not limited to…state or local wage and hour laws…."; (2) agreed that she would

28    not file a lawsuit seeking damages under state or local wage and hour laws; and (3)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                    4              MOTION TO DISMISS (08CV0152 W
                                                        (WMC))

1   agreed that she would not participate in any class or collective action against the

2   Company involving her employment.  [*Id.*].

3       The financial services industry recently has been hit with a wave of litigation

4   challenging the classification of exempt-level loan officers.  In the hopes of

5   capitalizing on this trend, Jimenez's counsel, Schiffrin & Barroway, LLP,

6   apparently engaged in a direct mass mail campaign by sending to Defendants'

7   employees a "Notice to JP Morgan Chase & Co. Loan Officers/Financial Sales

8   Representatives Who Were Not Compensated for Overtime."  [Mills Decl., Ex. 4].

9   The letter stated that Schiffrin & Barroway sought to represent Defendants'

10  "employees, who worked in excess of 40 hours per week, but were not paid

11  overtime wages." [*Id.*] The solicitation letter, moreover, included as an enclosure a

12  prepared "draft" complaint, remarkably similar to the Complaint filed in this case,

13  that specifically targeted exempt-level Loan Officers.  [*Id.*, Ex. 5].  The letter also

14  offered recipients the opportunity to retain Schiffrin & Barroway on a contingency

15  basis.  [*Id.*, Ex. 4].  At the time of the mailing, however, Schiffrin & Barroway had

16  no named plaintiff to serve as class representative.  Indeed, Schiffrin & Barroway

17  stated that they were "investigating" the claims reflected in the enclosed complaint,

18  even though there was no plaintiff whose claims they were "investigating."

19  Clearly, Schiffrin & Barroway were "fishing" for a plaintiff so that they could file

20  their already-drafted Complaint challenging the exempt status of Loan Officers.[1]

21      Following this solicitation, on January 24, 2008, Schiffrin & Barroway

22  brought the instant lawsuit on behalf of Jimenez.  The Complaint asserts claims for,

23  *inter alia,* failure to pay overtime compensation in accordance with the Federal

24

---

25  [1]  Plaintiff's counsel's solicitation efforts run afoul of Congressional intent with
    respect to the FLSA, which was amended to *limit* solicitation efforts by counsel.  In

26  fact, Congress declared in the statute itself that the explosion of FLSA litigation
    threatened to "bring about financial ruin of many employers and seriously impair

27  the capital resources of many others," and that, in the absence of these limitations,
    "employees would receive windfall payments" and "the courts of the country would

28  be burdened with excessive and needless litigation and champertous practices
    would be encouraged."  29 U.S.C. § 251(a)(1), (4), (7).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                5                MOTION TO DISMISS (08CV0152 W
                                                          (WMC))

Labor Standards Act (FLSA), failure to pay overtime compensation in accordance with California state law, and other related state law wage-hour claims.  Jimenez seeks to bring her claims both as a nationwide collective action on behalf of all loan officers pursuant to the Federal Labor Standards Act and as a Federal Rule of Civil Procedure 23 class composed of loan officers within the State of California. Jimenez, however, is neither a member of any of the groups of exempt-level loan officers solicited by Schiffrin & Barroway nor a member of any of the groups of exempt-level employees discussed in the Complaint.  Moreover, she signed a release wherein she:  (1) waived her state law wage and hour claims; (2) covenanted not to sue on those wage and hour claims; and (3) agreed not to participate in any class or collective action involving her employment.  In short, Schiffrin & Barroway brought the claims for which they solicited without regard for the actual circumstances of their named plaintiff.

### III.   PLAINTIFF'S STATE LAW WAGE CLAIMS ARE BARRED BY THE RELEASE AGREEMENT SHE SIGNED.

Prior to commencing this lawsuit, Jimenez voluntarily executed a "Release Agreement" in exchange for severance pay and other severance-related benefits. [Mills Decl., Ex. 3 (the "Release").]  The Release provided that:

- Jimenez read and agreed to the terms of the Release;

- Jimenez signed the release "knowingly and voluntarily";

- Jimenez was advised to "discuss this Release with an attorney of [her] choosing"; and

- Jimenez was given at least 45 days to consider the release, and was offered an additional seven-day revocation period during which she could revoke the Release if she "change[d] her mind."

[*Id.* Ex. 3, at Section titled "Knowing and Voluntary Agreement."]

### A.   Jimenez Released Her State Wage and Hour Claims.

In the Release, Jimenez waived the precise claims she now seeks to bring in this action —"any claims under . . . state or local wage and hour laws."  Moreover,

as to her claims under California law, Jimenez expressly agreed in writing that the Company fully paid her for all compensation she may have been due, including overtime payments: "I agree that the Company has paid me all compensation (including without limitation all salary, bonus, incentive and ***overtime payments***) that I have earned on or before the date I sign below, except for any payments to which I am entitled under the terms of the Notice letter." [*Id.,* Ex. 3 at Section titled "Compensation" (emphasis added)].

Even if Jimenez had not already admitted that Defendants owe her no overtime or other compensation, she has already released any and all claims under California state law. California law strongly favors the settlement of disputes and the enforcement of releases. *See In re Marriage of Hasso*, 229 Cal.App.3d 1174, 1185 (1991); *Stambaugh v. Super. Ct.*, 62 Cal. App. 3rd 231, 235-236 (1976); *see also Skrbina v. Fleming Cos., Inc.*, 45 Cal. App. 4th 1353, 1366 (1996) ("When a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents ...."). Jimenez's Release provides that Plaintiff was releasing the following claims:

> [A]ny claims under any federal, state or local law, including, but not limited to...state or local wage and hour laws....

[*Id.* at Section titled "Release of Claims"; *see also id.*, (releasing claims made against "JPMorgan Chase and Co. (and any predecessor or successor entities thereof), its affiliates, subsidiaries...from all liability for any claims or potential claims relating to [her] employment with the Company and/or the termination of [her] employment, subject to the exceptions listed below.")].[2] She also "specifically waive[d her] rights under California Civil Code Section 1542" to all claims she was not aware of at the time she signed the release. The Release could

---

[2] Defendants are not arguing that Plaintiff released her federal FLSA claims, which are specifically carved out of the Release. [Mills Decl., Ex. 3, at Section titled "Release of Claims"].

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                    7                    MOTION TO DISMISS (08CV0152 W
(WMC))

1    not be clearer, and Plaintiff's execution of this unambiguous release of all claims

2    forecloses any further inquiry regarding her claims. *See Skrbina*, 45 Cal. App. 4th

3    at 1369.

4        **B.**     **Jimenez Covenanted Not To Sue With Respect To Any State Law**

5              **Wage and Hour Claims.**

6       In addition to expressly releasing her state wage-hour claims, Plaintiff further

7    agreed that she would "not file a lawsuit or initiate any other legal proceedings" in

8    connection with her released claims. [Mills Decl., Ex. 3, at Section titled

9    "Agreement Not to Sue."]. Accordingly, Jimenez's covenant not to sue regarding

10   her released state wage-hour claims provides an independent ground for dismissal

11   of those claims.

12   **IV.**    **JIMENEZ HAS WAIVED HER ABILITY TO PROCEED WITH A**

13         **COLLECTIVE ACTION UNDER THE FLSA.**

          Jimenez's purported collective action claim under the FLSA fails because she

14   agreed that she would not participate in a collective action against the Company

15   regarding any issue arising out of her employment.[3]

16       It is well-settled that a party's agreement to waive the right bring a collective

17   action under the FLSA is enforceable. *See, e.g., Horenstein v. Mortgage Market,*

18   *Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001) (arbitration agreement eliminating

19   statutory right to collective action was enforceable because plaintiffs "knowingly

20   … abandoned their right to enforce [their] claims as a collective action[.]" ); *Carter*

21   *v. Countrywide Home Loans, Inc.*, 362 F. 3d 294, 298 (5th Cir. 2004) (rejecting

22   argument that waiver of right to bring collective action under FLSA was invalid

23

---

24   [3]   With respect to Jimenez's state law class claims, those are barred by her explicit

25   release of those claims, and her covenant not to sue with respect to them. Even if
those provisions of her Agreement did not warrant the dismissal of her state law

26   wage-hour claims, however, she would be barred from pursuing those claims on a
class basis by her pre-litigation agreement, made in exchange for severance

27   benefits, not to pursue any class action "because of [her] employment." [Mills
Decl., Ex. 3, at Section titled "Agreement Not to Sue."]

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4        8        MOTION TO DISMISS (08CV0152 W
(WMC))

1   because it deprived plaintiffs of substantive right).  Because the opportunity to

2   proceed as a collective action is a procedural right, and not a substantive one,

3   parties can waive that right.

4       In the present case, Jimenez specifically waived her right to proceed

5   collectively under the FLSA.  The Release Jimenez executed provides:

6       I agree that if a class or collective action is brought against the
        Company and I could be a participant in such action because of my
7       employment with the Company, I will opt out of the class or
        collective action, or refrain from opting in.
8
    [*Id.*, Ex. 3, at Section titled "Agreement Not to Sue."]
9

10      This contractual language is plain and unmistakable.  Jimenez agreed not to

11  even participate in any collective action, much less initiate one, pursuing claims

12  relating to Jimenez's "employment with the Company."  Such claims would clearly

13  encompass the wage and hour claims in her Complaint, and there is no question that

14  her action, titled "Class/Collective Complaint," seeks to bring precisely the type of

15  collective action claims against Defendants in which she already agreed, and is

16  contractually bound, not to participate.  Thus, having agreed that she would not

17  participate in any collective action against the Company, Jimenez nonetheless

18  proceeded to breach her agreement and file this action against Defendants.

19  Plaintiff's execution of this unambiguous agreement forecloses her from pursuing

20  her class and collective action claims, and those claims should be dismissed.

21  **V.    JIMENEZ LACKS STANDING TO PURSUE HER CLAIMS**

22      Even if Jimenez were permitted to pursue claims that she has not only

23  released but with respect to which she has also covenanted not to sue, Jimenez's

24  claims are subject to dismissal because she has no standing to pursue them on her

25  own behalf, or on behalf of any class.  Pursuant to Federal Rule of Civil Procedure

26  12(b)(1), a party may bring a motion to dismiss for lack of subject matter

27  jurisdiction.  In this case, Defendants' motion to dismiss Jimenez's Complaint

28  arises from Jimenez's lack of standing to pursue the claims she alleges.  Because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  standing is a jurisdictional issue, federal courts treat such motions to dismiss under

2  Rule 12(b)(1).  *See Alliance for Environmental Renewal, Inc., v. Pyramid*

3  *Crossgates Co.*, 436 F. 3d 82, 88 at n.6 (2nd Cir. 2006).  In resolving a motion

4  pursuant to Rule 12(b)(1), the Court is not limited to the Complaint's allegations,

5  but may consider extrinsic evidence in determining whether Plaintiff lacks standing.

6  *Roberts v. Corrothers*, 812 F. 2d 1173, 1177 (9th Cir. 1987).  Under Rule 12(b)(1),

7  the burden of proof at all times rests with Plaintiff.  *See Stock West, Inc. v.*

8  *Confederate Tribes of Colville Reservation*, 873 F. 2d 1221, 1225 (9th Cir. 1989).[4]

9  **A.    Jimenez Lacks Standing Because, Contrary to her Pleadings, She**

10 **Was Eligible For And Received Overtime Compensation.**

11       To have standing to bring a claim, Article III of the United States

12 Constitution requires that a plaintiff satisfy three elements:  (1) she must have

13 suffered an injury in fact that is (a) concrete and particularized and (b) actual or

14 imminent; (2) there must be a causal connection between the injury and the conduct

15 complained of; and (3) it must be likely that the injury will be redressed by a

16 favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct.

17 2130, 119 L. Ed. 2d 351 (1992).  Here, Jimenez's claims fail in their entirety

18 because she cannot establish that she suffered an injury in fact nor can she establish

19 any causal connection between her alleged injury and the conduct of which she

20 complains.

21

22

23 [4] In the alternative, Defendants bring this Motion pursuant to Rule 12(b)(6).
24 Pursuant to Rule 12(b)(6), a party may bring a motion to dismiss based on
   plaintiff's failure to state a claim for lack of standing.  *See Sacks v. Office of*
25 *Foreign Assets Control*, 466 F. 3d 764, 771 (9th Cir. 2006); *Brereton v. Bountiful*
26 *City Corp.* 434 F. 3d 1213, 1216 (10th Cir. 2006).  A motion to dismiss under Rule
   12(b)(6) is properly granted where either there is a "lack of a cognizable legal
27 theory" or "the absence of sufficient facts under a cognizable legal theory."
   *Balistreri v. Pacific Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                    10                MOTION TO DISMISS (08CV0152 W
                                                   (WMC))

### 1. Jimenez's Claims Are Based on Her Alleged Ineligibility to Receive Overtime Compensation.

Jimenez's claims are based on her contention that, while employed with Defendants, she did not receive overtime compensation as required by California's wage orders and the FLSA. In support of her claims, Jimenez alleges that she was entitled to overtime compensation because she was an "inside" salesperson who did not fall under the administrative, professional, executive, or outside sales exemptions to California's or the FLSA's overtime pay requirements:

- "Plaintiff and other similarly situated members of the Classes are or were inside sales people, and/or trainees to become sales people, engaged in sales of loan products, without any premium for overtime pay as required by law." [Complaint, ¶ 11].

- "[U]nless proven to be exempt from the protection of overtime laws, all employees are entitled to receive premium overtime pay for work in excess of forty hours per week." [*Id.*, ¶ 13].

- "Although the FLSA and CA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter." [*Id.*, ¶ 18].

- "Plaintiff and the members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of Loan Products." [*Id.*, ¶ 19].

- "Plaintiff and the members of the Classes do not qualify for the professional exemption because Loan Officers are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning." [*Id.*, ¶ 20].

- "Plaintiff and members of the Classes do not qualify for the executive exemption because they do not have the authority to hire or fire any of the employees working for Defendant, nor are they responsible for managing the affairs of the Company." [*Id.*, ¶ 21].

- "Plaintiff and members of the Classes are not exempt under the commissioned sales exemption because this exemption is unavailable to Defendant due to the fact that Defendant lacks a retail concept. Businesses that lack a retail concept under the FLSA cannot claim the commissioned sales exemption." [*Id.*, ¶ 22].

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4

11

MOTION TO DISMISS (08CV0152 W (WMC))

1    Jimenez also alleges that, as an improperly exempt employee, she was

2    paid *no* overtime compensation while employed by Defendants as an inside

3    salesperson:

4        ● "Plaintiff and members of the classes have not
         been paid overtime compensation at a rate not less than

5        one and one-half times their regular rate of pay for work
         performed over the 40 hour work week and/or over 8

6        hours in a day." [*Id.*, ¶ 24].

7        ● "Defendant failed to compensate [Jimenez] for
         hours worked above and beyond the forty hour work

8        week, and/or eight in a work day." [*Id.*, ¶ 33].

9        ● "Defendant has a policy and practice of refusing to
         pay overtime compensation to its Loan Officers for the hours

10       worked in excess of forty hours per week." [*Id.*, ¶ 54].

11       ● "Pursuant to Defendant's employment policies,
         Plaintiff and members of the CA class did not receive

12       premium compensation for hours worked in excess of
         forty per week and/or eight hours per day." [*Id.*, ¶ 60].

13

14   It is apparent from the face of Jimenez's complaint that she contends that

15   Defendants improperly classified her position as exempt and, therefore, did not

16   compensate her pursuant to California's applicable wage order and the FLSA.  As

17   Jimenez's alleged misclassification as exempt forms the basis for her overtime

18   claims, it necessarily forms the basis for her waiting time and itemized wage

19   statement claims as well.[5]

20

21

22   _____
     [5] The only Count not clearly tied to Jimenez's alleged misclassification is Count

23   Seven, which alleges that Chase failed to reimburse Jimenez for her business-
     related expenses.  This Count, however, fails independently of Jimenez's other

24   claims.  Jimenez's complaint fails to provide a single factual allegation to support
     this claim.  A single conclusory allegation is insufficient to survive a motion to

25   dismiss. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct 1955, 1964-65; 167 L. Ed. 2nd
     929, 940; 2007 U.S. LEXIS 5901, at *21 (2007) (plaintiff's claim for relief

26   "requires more than labels and conclusions, and a formulaic recitation of the
     elements of a cause of action will not do[.]"); *DM Research, Inc. v. College of*

27   *American Pathologists*, 170 F. 3d 53, 55 (1st Cir. 1999) ("Conclusory allegations
     in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a

28   fishing expedition."); *Lee v. City of Los Angeles*, 250 F. 3d 668, 679 (9th Cir.
     2001).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                    12                    MOTION TO DISMISS (08CV0152 W
                                                       (WMC))

2.    **Jimenez's Pay Statements Reflect That She was Eligible for and Received Overtime Pay.**

Jimenez lacks standing to pursue her claims because, contrary to the express allegations in her pleadings, she was eligible for, and received, overtime compensation.

Throughout her entire employment with Defendants – just nine months – Jimenez held the position of "Bilingual Inbound Lending Specialist." [Mills Decl., Ex. 1], a title not even mentioned in her Complaint. Defendants compensated Jimenez for overtime hours worked. [*Id.*, Ex. 2]. For example, Jimenez's pay statement for the period November 16, 2006 through November 30, 2006 — only a month into her employment with Defendants — confirms that she received overtime pay. [Mills Decl., Ex. 2]. Indeed, the "description" of her earnings lists both "regular" and "overtime" pay, and reflects that, for that late November of 2006 pay period, she received six hours worth of overtime pay. [*Id*]. Throughout her employment Jimenez recorded overtime and was compensated for overtime hours worked. These facts stand in stark contradiction to her allegation that Defendants "failed to compensate [her] for hours worked above and beyond the forty hour work week, and/or eight in a day." [Complaint, ¶ 54].

Based on the above, Jimenez lacks standing to pursue her claims. Jimenez contends that she was improperly classified as exempt and, thus, was not eligible for overtime pay. But Jimenez's pay statements reflect that she recorded overtime hours and was compensated accordingly. As such, Jimenez cannot establish any injury in fact. Neither can Jimenez establish any causal connection between Defendants' alleged conduct and her injury; any alleged "misclassification" of loan officers is immaterial to the compensation Jimenez received. *See, e.g., Snake River Farmers' Ass'n v. Department of Labor*, 9 F. 3d 792, 795-97 (9th Cir. 2001) (plaintiffs lacked standing where they were not affected by challenged wage rates at issue). For these reasons, Jimenez does not have standing to pursue claims based

1    on the alleged misclassification of other employees, and her claims should therefore

2    be dismissed.

3    **B.    As a Separate Matter, Jimenez Lacks Standing to Pursue
          Injunctive Relief.**

5        Aside from a lack of standing to pursue her claims generally, Jimenez also

6    lacks standing to pursue injunctive relief.  In Paragraph F of her Prayer for Relief,

7    Jimenez seeks "[a]n Order enjoining Defendant from any further violations of the

8    FLSA and the CA Labor Laws[.]"  In seeking such an injunction, however, a

9    plaintiff must show a likelihood of substantial and immediate irreparable injury and

10   the inadequacy of remedies at law.  *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.

11   Ct. 669, 38 L. Ed. 2d 674 (1974).  In the present case, Jimenez cannot show a

12   likelihood of substantial and immediate irreparable injury because she is no longer

13   employed with Defendants.

14       In *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir.

15   2004), the plaintiff sued her insurance company for terminating her disability

16   benefits.  *Id.* at 1004-05.  The plaintiff alleged a violation of California Business

17   and Professions Code Section 17200 and a breach of contract, among other things.

18   *Id.* at 1005.  The district court granted the plaintiff a permanent injunction under

19   Section 17200.  *Id.*  The Ninth Circuit reversed, holding:

20            The district court erred in concluding that Hangarter had
              Article III standing to pursue injunctive relief under
21            [Section 17200].  "Article III standing requires an injury
              that is actual or imminent, not conjectural or hypothetical.
22            In the context of injunctive relief, the plaintiff must
              demonstrate a *real or immediate threat* of an irreparable
23            injury." . . . ***Hangarter currently has no contractual
              relationship with Defendants and therefore is not
24            personally threatened by their conduct***.

25   *Id.* at 1021-22 (emphasis added).

26       In *City of L.A. v. Lyons,* 461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675

27   (1983), the plaintiff sued the City of Los Angeles for excessive force and police

28   brutality for use of a chokehold.  *Id.* at 97-98.  The plaintiff also sought injunctive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  relief against the use of chokeholds. *Id.* at 98. The district court denied the claim

2  for injunctive relief, but the Court of Appeals reversed, finding that there was a

3  sufficient likelihood that the plaintiff would be stopped again and subject to a

4  chokehold. *Id.* at 99. The U.S. Supreme Court disagreed with the Ninth Circuit's

5  reversal:

6            [The plaintiff] fares no better if it be assumed that his
            pending damages suit affords him Article III standing to
7            seek an injunction as a remedy for the claim arising out of
            the October 1976 events. The equitable remedy is
8            unavailable absent a showing of irreparable injury, a
            requirement that cannot be met where there is no showing
9            of any real or immediate threat that the plaintiff will be
            wronged again—a "likelihood of substantial and
10           immediate irreparable injury." *O'Shea v. Littleton*, 414
            U.S., at 502, 94 S.Ct., at 679. The speculative nature of
11           [the plaintiff's] claim of future injury requires a finding
            that this prerequisite of equitable relief has not been
12           fulfilled.

13  *Id.* at 111; *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir.

14  1999) (holding that the plaintiffs did not have standing to seek an injunction against

15  racial profiling at the Mexican-American border, because they were not sufficiently

16  likely to be pulled over again by the Border Patrol).

17          Like the plaintiff in *Hangarter*, Jimenez has no standing to seek injunctive

18  relief because she no longer has an employment relationship with Defendants and is

19  therefore not personally impacted by Defendants' alleged conduct. Accordingly,

20  Jimenez's claims for injunctive relief should be dismissed.

21      **C.    Jimenez Does Not Have Standing to Pursue Her Class Claims.**

22          As the Ninth Circuit has noted, where a Plaintiff's class claims plainly cannot

23  be sustained, the court should strike or dismiss those claims without permitting

24  costly and burdensome discovery. *Mantolete v. Bolger*, 767 F.2d. 1416, 1424 (9th

25  Cir. 1985). Here, Jimenez seeks to represent two distinct purported classes:  an

26  FLSA collective action "opt-in" class of Defendants' loan officers nationwide and a

27  Rule 23 "opt-out" class of California loan officers — both comprised of various

28  exempt loan officers. Complaint, ¶ 6. Jimenez's class claims cannot be sustained,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                    15             MOTION TO DISMISS (08CV0152 W
                                                        (WMC))

1    however, because she lacks standing to pursue them.

2        First, Jimenez cannot serve as class representative of a class for which she is

3    not a member. *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d

4    1018, 1023 (9th Cir. 2003) (dismissal of claims is appropriate where the sole named

5    plaintiff never had standing and where she never was a member of the class she was

6    named to represent). Here, Jimenez seeks to represent a purported class of

7    employees who were allegedly misclassified as exempt and thus not compensated

8    for overtime hours worked. But, as addressed above, Jimenez herself was a

9    Bilingual Inbound Lending Specialist who was eligible for and received overtime

10   compensation. Jimenez, therefore, is not similar to — and thus not a member of —

11   the class of allegedly misclassified employees she purports to represent. *See, e.g.,*

12   *Diaz v. Electronics Boutique of America, Inc.*, 2005 WL 2654270 (W.D.N.Y.)

13   (employees eligible for overtime are not similar to exempt employees with

14   misclassification claims); *Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*, No.

15   01 Civ. 2361, 2002 WL 1359411 at *1 (N.D. Ill. June 21, 2002); *Kinnett v. State of*

16   *Kansas*, Civ. Nos. 90-4209-S, 90-4214-S and 90-4215-S, 1991 WL 241832, at *1

17   (D. Kan. Oct. 30, 1991). Jimenez's class claims should, therefore, be dismissed.

18        Second, Jimenez cannot assert on behalf of others a claim she does not have

19   standing to pursue for herself. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)

20   ("[I]f none of the name[d] plaintiffs purporting to represent a class establishes the

21   requisite case and controversy with the defendants, none may seek relief on behalf

22   of himself or any other member of the class."). As an employee who was eligible

23   for and received overtime, Jimenez does not have standing to pursue claims

24   pertaining to an alleged failure to pay overtime due to misclassification. Because

25   Jimenez lacks standing to bring her own claims, she cannot assert these same

26   claims on behalf of a class. Jimenez's claims should be dismissed for this

27   additional reason.

28

1

## VI.    <u>CONCLUSION</u>

2          For the foregoing reasons, Defendants respectfully request that the Court

3  dismiss with prejudice Plaintiff Jimenez's claims in their entirety.

4

5  Dated:        April 3, 2008              MORGAN, LEWIS & BOCKIUS LLP
                                            JENNIFER WHITE-SPERLING
6                                           JASON S. MILLS

7

8                                    By____/s/ Jason S. Mills_____
                                         Jason S. Mills
9                                        Attorneys for Defendants
                                         JPMORGAN CHASE & CO.;
10                                       JPMORGAN CHASE BANK, N.A.;
                                         CHASE MANHATTAN MORTGAGE
11                                       CORP.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/985896.4                        17        MOTION TO DISMISS (08CV0152 W
                                                          (WMC))