**EXHIBIT 1**

**JPMorganChase**

September 27, 2006

Concepcion Jimenez
1359 Frauline Dr.
San Diego, CA 92154

Dear Concepcion:

We are very pleased to present our offer for you to join Chase Home Mortgage, a subsidiary of JPMorgan Chase & Co. We are delighted at the prospect of your joining the firm.

Our offer of employment is subject to the satisfactory completion of all pre-employment processing, including various background checks, fingerprint processing, drug screening and the execution of any other forms necessary for employment. Please complete all of the processes outlined below within 48 hours of receipt of this letter.

**Position & Start Date:**
Your job title at the time of hire will be Bilingual Inbound Lending Specialist for our San Diego, CA office. This position reports to Sergio Gomez with an anticipated start date of Wednesday, October 11, 2006; as agreed upon by your manager. You are expected to be at the agreed upon location at the correct time.

Your employment is at-will which means that either you or the firm may terminate your employment at any time, for any reason. Your employment is subject to the firm's policies and procedures, including the JPMorgan Chase & Co. Code of Conduct as in effect from the time to time during your employment. It is your responsibility to read and understand these policies and, if you have questions now or in the future, it is your responsibility to make the appropriate inquiries.

Your first 90 days on the job will be an introductory period, which is a period to evaluate how you are adjusting to your new job and the organization. This is a period for you and your manager to ensure that you understand your role and responsibilities and all applicable performance standards and policies. You remain an employee at-will at all times, irrespective of the 90 day introductory period.

**Compensation:**
You will receive an annualized base salary rate of $24,000.00. Additional compensation will be determined based upon the commission structure outlined in the Compensation Plan and Terms of Agreement, which will be provided by the hiring manager. Please note that you will be paid consistent with J.P. Morgan Chase & Co. policies and practices.

**Benefits:**
Enclosed is a Welcome Book that provides you with an overview of JPMorganChase and benefits. Shortly after your start date, you will receive a Benefits Enrollment Kit, which will provide you information on your eligibility for benefits.

Exhibit _1_, Page _4_

**Additional Orientation Instructions and Information:**

Enclosed in your new hire package is a list of drug test locations in your area. To locate additional drug-screening sites near you, please visit the 'Before first day' tab on our OnBoarding website. You need to bring the enclosed chain of custody form to the drug screen location. (Please note that drug screening must be completed at least five business days prior to your scheduled start date, but no more than 30 days.)

It will also be necessary for your fingerprints to be taken. Enclosed in this package are two fingerprint cards as well as a list of JPMorganChase locations. If a listed JPMorganChase facility is convenient, please contact the office closest to you and schedule an appointment for your fingerprints within the next 48 hours. Otherwise, you need to use the enclosed fingerprint cards and have two sets of fingerprints completed. This process can be completed at a local notary office, police station, city hall...etc. If you are charged a fee for this service, please submit the receipt to your Hiring Manager on your first day of employment for reimbursement.

You must complete a New Hire Orientation session where an overview of the JPMorgan Chase organization and Benefits Program will be presented. You can access this at any time, before or after your first day at http://careers.jpmorganchase.com/welcomenewhire. This session will reference the enclosed Welcome Book.

If you experience any problems with the online process, please call 1-866-473-6765; enter your Social Security Number, then press option 1. Representatives are available from 8:00am to 6:00pm EST, Monday through Friday, except bank holidays.

Please return the following items in the enclosed prepaid Federal Express envelope within 48 hours of your verbal acceptance:

- Signed copy of your offer letter.
- Completed I-9 along with copies of the supporting ID's
- Completed Background Investigation Form.
- Two completed fingerprint cards, if applicable. (Please make sure you complete your personal information on the cards.)
- Your Employee Banking forms, if applicable.

This letter contains the entire understanding between us and supercedes any prior verbal or written communication related to terms and conditions of this offer of employment. This offer can only be modified in writing signed by the parties referring specifically to this letter.

With the formalities covered, let us say again that we look forward to having you join us! Should you need any further information, please call me directly at 614-213-8528.

Sincerely,

Melinda Crabtree
Chase Home Mortgage Staffing

**Acceptance and Code Affirmation**

Exhibit __1__, Page __5__

By accepting this offer, you confirm that you are not subject to and will not enter into any agreements or arrangements, written or oral, which would limit, restrict or interfere with your ability to perform the functions associated with the position you have been offered with JPMorgan Chase. You further understand and agree that you may not disclose to JPMorgan Chase or use in connection with your employment at JPMorgan Chase any protected trade secrets or protected confidential or proprietary materials of another entity, including any prior employer, unless and until such information and materials become public through proper means.

Upon signing this letter I accept the terms described above. I also affirm that I have read and understand the JPMorgan Chase Code of Conduct, and agree as a condition of employment to comply with the Code as in effect from time to time.

• I understand that I can access the Code via the Internet at http://www.jpmorganchase.com >About Us>Governance>Code of Conduct prior to joining the firm, and through the firm's intranet once I begin employment.

• I am aware of the specific policies related to personal investments for certain businesses and support units, and I understand that, if these are applicable to me, I will have thirty days after my start date to ensure my compliance with the designated broker requirements.

• I acknowledge that the Code requires that certain outside activities be approved in writing after I begin employment, and I agree that, if any such required approval is denied, I will cease the relevant activity immediately.

Agreed and Accepted by _____     Date: _9/29/06_
                              (Signature)

Exhibit _1_, Page _6_

**EXHIBIT 2**

JPMorgan Chase Bank
270 Park Avenue
New York NY 10017

| | | |
|---|---|---|
| Concepcion Gutierrez Jimenez | Pay Date | 11/30/2006 |
| | Pay Begin Date | 11/16/2006 |
| Company Number        001 | Pay End Date | 11/30/2006 |
| Department        52611 | Other Pay Begin Date | 10/30/2006 |
| Standard ID        V050823 | Other Pay End Date | 11/12/2006 |

| Tax Data: Federal State Local | Work State    CA | Net Pay Distribution | |
|---|---|---|---|
| Marital Stat:    S        S | Res State     CA | Checking        116155388 | 816.32 |
| Allowances    0        0 | Local | Total | 816.32 |
| Addl. Pct.: | Hrly Rt  11.538018 | | |
| Addl. Amt.: | | | |

**EARNINGS STATEMENT**

| DESCRIPTION | | CURRENT AMOUNT | YEAR TO DATE | DESCRIPTION | CURRENT AMOUNT | YEAR TO DATE |
|---|---|---|---|---|---|---|
| -----EARNINGS--------HOURS | | | | ----------TAXES----------- | | |
| REGULAR | 86.67 | 1000.00 | 3276.91 | SOCIAL SECURITY | 64.57 | 195.37 |
| OVERTIME | 6.00 | 103.85 | 121.16 | MEDICARE | 15.10 | 45.69 |
| Prior Period Begin: | | 10/16/06 | End: 11/15/06 | FEDERAL | 124.34 | 352.14 |
| UNPAID TME | | 0.00 | 184.61- | CA WITHHOLDNG | 21.12 | 53.35 |
| | | | | TOTAL TAXES | 225.13 | 646.55 |
| ----PRE-TAX DEDUCTIONS---- | | | | | | |
| MEDICAL PPO MTHLY | | 62.40 | 62.40 | | | |
| TOTAL PRE-TAX DEDUCTIONS | | 62.40 | 62.40 | | | |
| --ADDITIONAL INFORMATION-- | | | | | | |
| FEDERAL TAXABLE WAGES | | | 3151.06 | | | |
| MEDICARE TAXABLE WAGES | | | 3151.06 | | | |

JPMorgan Chase Bank
270 Park Avenue
New York NY 10017

Advice Date 11/30/2006
Total Deposit $***816.32
Advice Number 0014943193

001 - 0014943193
CONCEPCION GUTIERREZ JIMENEZ
BC CALL CTR 1ST 52611 CA2-0844
10790 Rancho Bernardo Rd
10790 Rancho Bernardo Road,
San Diego, CA  92127-5705

Exhibit 2, Page 7

**EXHIBIT 3**

# RELEASE AGREEMENT

## Release of Claims

    I, Concepcion Jimenez, (V050823) sign this Release Agreement ("Release") in exchange for the severance pay, severance-related benefits and career services described in the notice letter to me dated 06/18/2007 from Mary Stuart Meyer (the "Notice Letter").

I understand that this Release, including any attachments containing provisions specific to my state, will be binding on myself, my heirs, assigns, representatives and estate, and that I am releasing JPMorgan Chase and Co. (and any predecessor or successor entities thereof), its affiliates, subsidiaries, employees, directors, officers, representatives, administrators, agents, assigns, trustees, and any fiduciaries of any employee benefit plan (collectively, the "Company") from all liability for any claims or potential claims relating to my employment with the Company and/or the termination of my employment, subject to the exceptions listed below. I understand that "claims" includes claims I know about and claims I do not know about, as well as the continuing effects of anything that happened before I sign below.

The claims I am releasing include, but are not limited to:

- any claims under any federal, state or local law, including, but not limited to, the Americans with Disabilities Act, the National Labor Relations Act, the Employee Retirement Income Security Act of 1974 ("ERISA") including, but not limited to, breach of fiduciary duty and equitable claims arising under §1132 (a)(3) of ERISA, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, as amended by the Older Workers Benefit Protection Act of 1990, the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act (all as amended), state or local wage and hour laws, state or local laws against discrimination; and

- any and all claims arising under common law, including any policy, procedure, practice, contract (whether express, oral, written or implied from any source), tort (including but not limited to claims of defamation, intentional or negligent infliction of emotional distress, tortious interference, wrongful or abusive discharge, conversion, fraud, negligence, loss of consortium), or public policy; and

- any and all claims of retaliation under all federal, state, local or common or other law; and

- any and all employment and/or benefit related claims subject to or covered by any arbitration agreements or provisions.

I specifically waive my rights under California Civil Code Section 1542, which states: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Being aware of this section, I hereby expressly waive and relinquish all rights and benefits which I may have under this section as well as any other statutes or common law principles of similar effect.

The following are claims that I am not releasing:

- any claim under the Fair Labor Standards Act for failure to pay minimum wages or overtime;

- any legal obligations of the Company to indemnify me under applicable by-laws consistent with applicable law;

- any legal obligations of the Company under any award of restricted stock/units or stock options/stock appreciation rights outstanding as of the date my employment terminates, which award(s) shall be governed by its/their terms; or

Exhibit _3_ Page _8_

- any rights or claims (i) that may arise after I sign below, (ii) under the terms of the Notice Letter, (iii) under the terms of any pension plan or deferred compensation plan for payment of any vested benefits, or (iv) for benefits under any employee welfare plan in which I participate, all as in effect from time to time.

## Agreement Not to Sue

I agree that I will not file a lawsuit or initiate any other legal proceedings for money or other relief in connection with the claims I am releasing above. However, I understand that nothing in this Release prevents me from filing an administrative charge with the Equal Employment Opportunity Commission or a corresponding state or local agency. I agree that if I do file such a charge, I will not ask for or accept any money based on the charge.

I also understand that even though I am releasing the Company from any claims of age discrimination under the Age Discrimination in Employment Act (ADEA), as amended, this Release does not prevent me from filing a lawsuit to challenge whether I signed this Release knowingly and voluntarily for purposes of ADEA. I further understand that this Release does not prevent me from filing a lawsuit to pursue any claims that by law I cannot waive.

I agree that if a class or collective action is brought against the Company and I could be a participant in such action because of my employment with the Company, I will opt out of the class or collective action, or refrain from opting in.

## Compensation

I agree that the Company has paid me all compensation (including without limitation all salary, bonus, incentive and overtime payments) that I have earned on or before the date I sign below, except for any payments to which I am entitled under the terms of the Notice Letter.

## Continuing Obligations, Code of Conduct

By signing below, I agree to the terms of the Notice Letter and my continuing obligations outlined below.

I understand that I have certain obligations under the Company's Code of Conduct following the termination of my employment and that I may obtain a copy of the Code of Conduct from my Human Resources Business Partner or on the Company intranet.

I acknowledge that the Company views its relationships with its employees as important and valuable assets. I agree that during the rest of my employment and for one year after my termination date, I will not on my own behalf or on behalf of anyone else, directly or indirectly, solicit, induce to leave or hire any Company employee or anyone who was employed by the Company within the prior 12 months, other than those whose employment terminated at Company initiative.

By signing the Release, I also agree to cooperate fully with and provide full and accurate information to the Company and its lawyers with respect to any matter (including any audit, tax proceeding, litigation, investigation or governmental proceeding) about which I may have knowledge or information. I understand that if the Company requires such cooperation, it will reimburse me for actual, appropriate and reasonable costs and expenses.

I also certify that I have advised the Company of all facts of which I am aware that I believe may constitute a violation of the Company's Code of Conduct and/or the Company's legal obligations.

## Enforcement of Release

I agree that violating my continuing obligations outlined in this Release will be considered a material breach of this Release and that in such a case it will be appropriate for the Company to take legal action to ask for money and an injunction. I agree that any injunction the Company obtains will be in addition to any money damages. I

Exhibit 3 , Page 9

further understand that if I violate the terms of this Release, any of the severance pay and benefits I received because of this Release or the Notice Letter will stop and/or be due and owing to the Company.

I also agree that if any of the provisions contained in this Release are found to be unenforceable by a court or other forum of competent jurisdiction, the court shall change those provisions to the extent necessary to make them enforceable or delete them, but all of the remaining provisions will remain valid and binding upon both parties.

## Deadline to Return; Knowing and Voluntary Agreement

I understand and agree that I have until 08/02/2007 to sign and return this Release to Mary Stuart Meyer, 504 Virginia Drive, Ft. Washington, PA 19034-2707.

By signing below, I confirm that I have read this Release, understand it, agree to it and sign it knowingly and voluntarily. I agree that I am signing this Release in exchange for benefits to which I would not otherwise be entitled. I am hereby advised to discuss this Release with an attorney of my choosing (at my own expense). Neither the Company nor its representatives have made, and I am not relying on, any statements concerning the terms or effects of this Release other than what is contained in this Release. I agree that I have been given a reasonable period of time (at least forty-five (45) days) to review, consider and sign this Release. I understand that I may change my mind and revoke this Release within seven (7) days of signing it by delivering my revocation in writing to Mary Stuart Meyer via certified mail/return receipt requested (or by overnight courier or facsimile) within that seven day period.

Intending to be legally bound, I, Concepcion Jimenez, hereby sign the foregoing Release this __30th__ day of __July__, 200_7_.

Concepcion Jimenez

STATE OF __California__ )
                       ) ss.:
COUNTY OF __San Diego__ )

On this __30th__ day of __July__, 200_7_, before me personally came Concepcion Jimenez, known to me to be the individual described herein, and who executed the foregoing Release, and duly acknowledged to me that She executed the same.

Notary Public

ALETHEA C. RAUSH
Commission # 1534615
Notary Public - California
San Diego County
My Comm. Expires Dec 13, 2008

Exhibit __3__ Page __10__

**EXHIBIT 4**

# SCHIFFRIN & BARROWAY, LLP
### Attorneys at Law

280 KING OF PRUSSIA ROAD • RADNOR, PENNSYLVANIA 19087 • (610) 667-7706 • FAX: (610) 667-7056 • WWW.SBCLASSLAW.COM

RICHARD S. SCHIFFRIN*
ANDREW L. BARROWAY*
MARC A. TOPAZ*
DAVID KESSLER*
KATHARINE M. RYAN
STUART L. BERMAN*
GREGORY M. CASTALDO*
JOSEPH H. MELTZER*
MICHAEL K. YARNOFF*
DARREN J. CHECK*
TOBIAS L. MILLROOD*
ANDREW L. ZIVITZ*

KATIE L. ANDERSON
MICHELLE M. BACKES*
IAN D. BERG*
ROBERT W. BIELA
KATHERINE B. BORNSTEIN*
TREVAN BORUM
JONATHAN R. CAGAN°*
EDWARD W. CIOLKO°*
STEPHEN E. CONNOLLY
MARK S. DANEK
MARK K. GYANDOH*
SEAN M. HANDLER
MICHAEL J. HYNES*^
JOHN A. KEHOE*+
HAL J. KLEINMAN*
ERIC LECHTZIN*
RICHARD A. MANISKAS*
JAMES H. MILLER
TODD M. MOSSER
JODI C. MURLAND
CASANDRA A. MURPHY
CHRISTOPHER L. NELSON
NICHOLAS S. PULLEN
KAREN E. REILLY * * * *
STEVEN D. RESNICK*
LEE D. RUDY*
EMANUEL SHACHMUROVE
KAY E. SICKLES*
TAMARA SKVIRSKY*
SANDRA G SMITH
W. LYLE STAMPS*
BENJAMIN J. SWEET
HEATHER M TASHMAN*
JOSEPH A. WEEDEN*+
GERALD D. WELLS, III*
ROBIN WINCHESTER*
ERIC L. ZAGAR
TERENCE S. ZIEGLER**+
KENDALL S. ZYLSTRA

## NOTICE TO JP MORGAN CHASE & CO
## LOAN OFFICERS/FINANCIAL SALES REPRESENTATIVES
## WHO WERE NOT COMPENSATED FOR OVERTIME

This letter and the accompanying materials are being sent to individuals who sold and/or marketed securities, mortgages, loans and other financial products, including credit card, insurance and retirement products (collectively "Financial Products"), on behalf of **JP Morgan Chase & Co.**, including but not limited to employees with any one of the following job titles: (i) Financial Advisor, (ii) Personal / Private Banker, (iii) Account Executive, (iv) Account Representative, (v) Loan Officer, (vi) Loan Officer Assistant, (vii) Retail Loan Officer, (viii) Investment Services Representative and/or (viii) Sales Consultant who are, or were, employed by **JP Morgan Chase, Chase Bank, Chase Home Finance LLC, Bank One Corporation, (collectively "Chase")**, or any other parent, subsidiary, related, or successor companies, and were not compensated for overtime work.

Schiffrin & Barroway, LLP is investigating a claim detailed in the enclosed draft class action complaint on behalf of **JP Morgan Chase & Co** employees, who worked in excess of 40 hours per week, but were not paid overtime wages. The firm prosecutes consumer fraud class actions and seeks to undertake this litigation on a contingent fee basis and will only be paid its legal fees following Court approval of the result of the litigation. This means we will not seek payment of any fees from the court unless the lawsuit generates a recovery for the class. If the action is not successful, you will not be responsible for any fees or costs.

**If you wish to retain our firm, please complete and execute the enclosed representation letter and return it to us as promptly as possible by faxing it to 610-667-7910 or by sending it back to us in the enclosed prepaid Federal Express envelope (call Fedex at 800-463-3339 to schedule a free pickup).** Should you choose not to return the retention letter, you may retain other counsel, do nothing, or take other steps to protect your rights.

Please feel free to contact us at our firm's toll free number (888) 299-7706, via e-mail at info@sbclasslaw.com or by writing to the address above.

Very truly yours,

SCHIFFRIN & BARROWAY, LLP

By: _____
Marc A. Topaz

Advertising Material
Advertisement

* Admitted in LA    ° Admitted in MD    □ Admitted in NJ    * Admitted in NY    * Admitted in VA    * Also admitted in CT
* Also admitted in DC    * Also admitted in DE    * Also admitted in IL    * Also admitted in MD
* Also admitted in MT    * Also admitted in NJ    * Also admitted in NY    * Also admitted in RI    * Not admitted in PA

Exhibit 4, Page 11

**EXHIBIT 5**

Individually, and on behalf of all others
similarly situated,

            Plaintiff,

         v.

JP MORGAN CHASE & CO.; CHASE
BANK; CHASE HOME FINANCE, LLC;
BANK ONE CORP.; and DOES 1 through
10, inclusive,

           Defendants.

Civil Action No.

CLASS ACTION COMPLAINT

JURY TRIAL REQUESTED

Plaintiff ("Plaintiff"), on behalf of all others similarly situated in the classes

define below, alleges as follows:

## INTRODUCTION

1.    As explained herein, under applicable employment law, Financial Sales

Representatives (defined below) are entitled to overtime compensation regardless of

whether their compensation is based on commissions or bonuses.  In short, if Financial

Sales Representatives work over forty hours per week, they are entitled to overtime pay.

2.    Plaintiff brings this action as a state-wide class action, on behalf of all

"Financial Sales Representatives," defined as: individuals who sold and/or marketed

securities, mortgages, loans and other financial products, including credit card, insurance

and retirement products (collectively "Financial Products"), sold by Defendant (defined

herein), including but not limited to employees with any one of the following job titles:

(i) Financial Advisor, (ii) Personal / Private Banker, (iii) Account Executive, (iv)

Account Representative, (v) Loan Officer, (vi) Loan Officer Assistant, (vii) Retail Loan

Officer, (viii) Investment Services Representative and/or (viii) Sales Consultant who are,

or were, employed by JP Morgan Chase, Chase Bank, Chase Home Finance LLC, Bank

Exhibit 5, Page 12

One Corporation, (collectively "Chase"), or any other parent, subsidiary, related, or successor companies (collectively, the "Company"), in the State, to recover unpaid overtime compensation and other wages due pursuant to the State Labor Code, Industrial Welfare Commission Wage Orders and Business and Professional Code (collectively the "State Labor Laws").

3.     Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10 but will seek leave to amend this complaint once their identities become known to Plaintiff.  Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 50, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.  Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

## SUMMARY OF CLAIMS

4.     Plaintiff brings this suit on behalf of two classes of similarly situated persons composed of :

a.     All current Financial Sales Representatives who work for Defendant in the State, and who are engaged in, or are training to be engaged in, the business of originating and selling Financial Products ("State Class A"); and

b.     All former Financial Sales Representatives who have worked for Defendant in the State, and who were engaged in, or were training to be


Exhibit S , Page 13

engaged in, the business of originating and selling Financial Products, who

would otherwise be members of State Class A ("State Class B").

5.    The State Class A and State Class B are hereafter collectively referred to

as the "State Classes.

6.    Plaintiff alleges on behalf of the State Class that Defendant violated the

State Labor Laws by: (i) failing to pay them overtime at the rate of one and one-half

times the employee's regular salary for all hours worked in excess of 40 hours in any

given workweek, and / or in excess of eight (8) hours in a workday; (ii) failing to provide

them with mandatory rest breaks, and (iii) failing to retain and provide accurate records

of actual hours worked and wages earned by Plaintiff and the Class.

7.    As a result of Defendant's violation of the State Labor Laws, Plaintiff and

the members of the State Class were illegally and grossly under-compensated for their

work.

## FACTUAL ALLEGATIONS

8.    Plaintiff and the other similarly situated members of the Class were inside

sales people, and /or trainees to become sales people, engaged in the sale of Financial

Products on behalf of Defendant, without any premium for overtime pay as required by

law.

9.    Due to the nature of the job responsibilities and requirements of

Defendant's Financial Sales Representatives, Plaintiff and the State Class were, and

continue to be, required to work more than 40 hours a week during the course of their

employment with Defendant.

10.    Unless proven to be exempt from the protection of overtime laws, all employees are entitled to overtime pay for work in excess of 40 hours per week.

11.    The duties of Financial Sales Representatives are set forth in uniform and written company-wide policies and procedures promulgated by Defendant.

12.    Pursuant to Defendant's uniform employment policies, Financial Sales Representatives were paid principally on a commission basis, irrespective of the hours actually worked.  Further, Defendant's employment policy regarding Financial Sales Representatives did not require them to hold a degree specifically in the sale of residential loan products and/or personal loan products.  Indeed, on information and belief, the Financial Sales Representatives employed by Defendant hold general BA / BS degrees, if any degree at all.

13.    Although the State Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

14.    First and foremost, the Plaintiff and the State Class do not fall under any executive exemption, because they are not primarily engaged in duties which meet the test of the exemption, as defined by the State Labor Laws.

15.    Nor, are the Plaintiff and the State Class administratively exempt, because, among other things, their primary duty is the sale Financial Products.

16.    Finally, Financial Sales Representatives do not qualify for the professional exemption described in State Labor Laws because Financial Sales Representatives are not employed in a *bona fide* professional capacity.  Moreover, the professional exemption is for employees who are employed in recognized field that requires a specific degree in a field of science or learning.  Put another way, because Financial Sales Representatives

279511.1

4

are not required to have a degree in the sale of Financial Products, the professional
exemption does not apply.

17.    As such, Financial Sales Representatives, including Plaintiff and the State
Classes, have been unlawfully and wrongfully classified by Defendant, and are not
exempt from the requirement of premium overtime pay.

18.    In violation of State Labor Laws, Plaintiff and the members of the Class
are/were not paid for all the hours worked in a given workweek, and are/were not paid
overtime compensation at a rate not less than one and one-half times the rate at which
they are employed for work performed beyond the 40 hour work week.

19.    Plaintiff alleges on behalf of the members of the Class that Defendant's
failure to pay overtime was knowing and willful.  Accordingly, Plaintiff and the members
of the Class are entitled to recover all overtime pay due from overtime hours worked for
which compensation was not paid.

20.    Evidence reflecting the precise number of overtime hours worked by
Plaintiff and every other member of the State Class, as well as the applicable
compensation rates, is in the possession of Defendant.  If these records are unavailable,
members of the Class may establish the hours they worked solely by their testimony and
the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt.
Clemens Pottery Co.*, 328 U.S. 680 (1946).

21.    Each of the foregoing acts is in contravention of applicable employment
laws.

Exhibit S , Page 16

**PARTIES**

22.     Plaintiff was a Financial Sales Representatives employed by Defendant, who Defendant failed to compensate for hours worked above and beyond the forty hour work week.

23.     Defendant Chase is incorporated under the laws of the state of Delaware, and registered to conduct business within the State.  At all relevant times during the Class Period, Defendant has operated nationwide, and has maintained offices within this district and the State, conducting business at those locations.  Defendant employs, upon information and belief, hundreds of Financial Sales Representatives and various assistants in the state alone at any one time, and Plaintiff estimates the Class far exceeds that amount in total number of participants during the relevant statute of limitations period.

**CLASS ACTION ALLEGATIONS**

24.     Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of himself/herself and the following persons similarly situated (the "Class"):

>    All persons within the State who: (i) are/were employed as Financial Sales Representatives with the Company; (ii) who are/were not paid for all the hours worked in a given workweek; and (iii)   are/were not paid overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour work week, and / or eight (8) hours in a workday (the "Class Action Members").

25.     In addition to the common issues of fact described below, the Class Action Members have numerous common issues of fact, including whether Defendant: (i) failed to compensate adequately the members of the State Class for overtime hours worked as

Exhibit 5 , Page 17

required by State Labor Laws; (ii) committed an act of unfair competition under Business & Professional Codes, by not paying the required overtime pay as required by State Labor Law; (iii) failed to provide all mandated rest breaks as required by State Labor Law; (iv) failed to keep and provide an accurate record of hours worked by the State Class; and (v) damaged members of the State Class and, if so, the extent of the damages.

26.    The members of each of the foregoing defined classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the Class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are, at minimum, hundreds, if not thousands, of individuals that shall comprise the class.

27.    Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, those members of these defined Class.

28.    A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

29.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of State Labor Laws.

Exhibit 5 , Page 18

30.    Furthermore, even if any member of the Class could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

31.    There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

a.    Whether the Defendants employed the members of the Class within the meaning of the applicable statutes;

b.    Whether Financial Sales Representatives were willfully, uniformly and unlawfully classified by Defendant as exempt from overtime compensation;

c.    Whether Defendant failed to pay Plaintiff and members of the Class all overtime compensation due to them by virtue of their wrongful designation as exempt;

d.    Whether Plaintiff and members of the Class were expected to and/or mandated to regularly work hours in excess of forty (40) per week;

e.    Whether Defendant failed to pay Plaintiff and members of the Class for all hours worked;

Exhibit 5, Page 19

    f.     Whether Defendant violated any other statutory provisions regarding compensation due to Plaintiff and members of the Class; and

    h.     Whether Plaintiff and the State Class Members have sustained damages and, if so, what is the proper measure of damages.

32.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

<u>**COUNT ONE**</u>

33.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

34.    At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the State Labor Laws.

35.    At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the State Class within the meaning of the State Labor Laws.

36.    At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

37.    As stated above, Defendant has a policy and practice of refusing to pay overtime compensation to its Financial Sales Representatives for the hours worked in excess of forty hours per week.

38.    State Labor Law states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty per week and/or eight per day unless the employee falls under one of the enumerated exemptions.

Exhibit S , Page 20

39.     Plaintiff and members of the State Class regularly worked more than 40 hours per week, and received no premium pay for hours worked in excess of 40 per week.

40.     During at least a portion of the Class Period, Plaintiff and members of the State Class did not meet the tests for exempt status under the State Wage Orders and State Labor Code.

41.     Defendant has committed an act of unfair competition under Bus. & Prof. Codes by not paying the required state law overtime pay to the members of the State Class.

42.     Pursuant to Bus. & Prof. Codes, Plaintiff requests an order requiring Defendant to make restitution of all state law overtime wages due to the State Class in an amount to be proved at trial.

## COUNT TWO

43.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

44.     Pursuant to State Labor Codes, Plaintiff and members of the State Class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

## COUNT THREE

45.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

46.     Due to Defendant treating Plaintiff and members of the State Class as exempt when they were not exempt, Defendant failed to provide Plaintiff and members of the State Class with all rest and meal breaks required by law.  As a result, pursuant to Labor Code Sections, Plaintiff and members of the State Class are entitled to one

Exhibit _5_, Page _21_

additional hour's pay for each day a rest or meal break was not provided, in an amount to be proved at trial.

## COUNT FOUR

47.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

48.     Defendant willfully and intentionally failed to pay Plaintiff and the other members of the State Class all the wages they were due by the deadlines imposed under Labor Code Sections.  Accordingly, Plaintiff and members of the State Class B are entitled to waiting time penalties of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT FIVE

49.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

50.     Due to Defendant willfully and wrongfully classifying Plaintiff and members of the State Class as exempt when they were not exempt, Defendant failed to provide Plaintiff and members of the State Class with accurate and detailed records of hours worked and wages earned, pursuant to State Labor Code.

51.     Therefore, Plaintiff, on behalf of the State Class, requests all such relief that this Court deems appropriate pursuant to the State Labor Laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.     A Declaration that Defendant has violated the State Labor Law and other applicable employment laws;

Exhibit _5_, Page _22_

B.      An Order designating this action as a class action and issuance of notice to all similarly situated individuals;

C.      An Order appointing Plaintiff and their counsel to represent the Class;

D.      Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Class as the result of the actions described above;

E.      An Order enjoining Defendant from any further violations of the State Labor Laws;

F.      For compensatory and punitive damages and all other statutory remedies permitted;

G.      Interest;

H.      An Order awarding attorneys' fees and costs;

I.      An Order for equitable restitution of all wages improperly withheld or deducted by Defendant; and

J.      For all other relief as the Court deems just.

### JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

October ___, 2006

                            SCHIFFRIN & BARROWAY, LLP


                            By:_____
                                280 King of Prussia Road
                                Radnor, PA 19087
                                Telephone: 610-667-7706
                                Facsimile: 610-667-7056


                            *Counsel for Plaintiff*