**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Alan R. Plutzik (State Bar No. 077785)
L. Timothy Fisher (State Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
Robert W. Biela
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION JIMENEZ, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>JP MORGAN CHASE & CO.;<br>JP MORGAN CHASE BANK, N.A.;<br>CHASE MANHATTAN MORTGAGE CORP., and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Civil Action No. 08-cv-0152 W (WMc)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) AND RULE 12(B)(1)**<br><br>Date:      May 5, 2008<br>Time:     10:30am<br>Judge:    T.J. Whelan<br>Dept.     Courtroom 7 |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................1

ARGUMENT ..........................................................................................................4

    I.      PLAINTIFF'S ALLEGATIONS ARE MORE THAN ADEQUATE TO MEET DEFENDANTS' RULE 12(B) CHALLENGE ....................................4

    II.    THE "RELEASE" OF WAGE AND HOUR CLAIMS IS ILLEGAL AND UNENFORCEABLE AS A MATTER OF LAW ............................................5

          A.    The "Release Agreement"....................................................................6

          B.    California Labor Code § 206.5 Renders Illegal and Unenforceable All Releases For Violations of The State's Labor Code......................8

          C.    FLSA Rights Are Unwaivable And Cannot Be Abridged By Contract............................................................................................11

          D.    The "Release" Does Not Bar Plaintiff's Claims Pursuant To California Business & Professions Code § 17200 .................................................13

    III.   PLAINTIFF HAS STANDING TO BRING HER WAGE AND HOUR CLAIMS ............................................................................................14

          A.    Plaintiff Has Standing To Enjoin Defendants' Conduct Because There Is A Likelihood That Putative Class Members Will Continue To Be Harmed.............................................................................................15

          B.    Plaintiff Has Suffered An Injury In Fact Identical To Class Members And Has Adequate Standing To Represent Class Members................17

CONCLUSION......................................................................................................18

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500, 126 S.Ct. 1235 (2006).......................................................................14

5

*Bahramipour v. Citigroup Global Mkts, Inc.*,
6    No. 04-CV-4440, 2006 U.S. Dist. LEXIS 9010 (N.D. Cal. Feb. 22, 2006) ...........................16

7

*Balcorta v. Twentieth Century-Fox Film Corp.*
8    208 F.3d 1002 (2000)........................................................................................9

9

*Barrentine v. Arkansas-Best Freight Sys.*,
   450 U.S. 728, 101 S.Ct. 1437 (1981)......................................................................11

10

11

*Bureerong v. Uvawas*,
   922 F.Supp. 1450 (C.D. Cal. 1996) .......................................................................13

12

*Carter v. Countrywide Home Loans, Inc.*,
13    362 F.3d 294 (5th Cir. 2004) ...........................................................................12

14

*City of L.A. v. Lyons.*,
15    461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed. 2d 675 (1983)...........................................17

16

*Conley v. Gibson*,
   355 U.S. 41, 78 S.Ct. 99 (1957)..........................................................................4

17

18

*Hal Roach Studios, Inc. v Richard Feiner and Co., Inc.*,
   896 F.2d 1542 (9th Cir 1989) ............................................................................4

19

20

*Hall v. City of Santa Barbara*,
   833 F.2d 1270 (9th Cir. 1986) ...........................................................................4

21

22

*Hangarter v. Provident Life & Accident Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004) ...........................................................................17

23

*Higgs v. Carver*,
   286 F.3d 437 (7th Cir. 2002) .............................................................................5

24

25

*Hodgers-Durgin v. de la Vina*,
   199 F.3d 1037 (9th Cir. 1999) ..........................................................................17

26

*Horenstein v. Mortgage Market, Inc.*,
27    9 Fed. Appx. 618 (9th Cir. 2001)......................................................................12

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

No. 08-cv-0152 W (WMc)

*In re Wal-Mart Stores, Inc.*,
   505 F. Supp. 2d 609 (N.D. Cal. 2007) ................................................................18

*Johnson v. GRMI, Inc.*,
   No. 07-CV-0283, 2007 WL 2462101 (E.D. Cal. Aug. 27, 2007)....................................16, 17

*Leuthold v. Destination Am.*,
   224 F.R.D. 462 (N.D. Cal. 2004)..........................................................................12

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)......................................15

*Lynn's Food Stores, Inc. v. United States*,
   679 F.2d 1350 (11th Cir. 1982) ..........................................................................2, 12

*Maddock v. KB Homes, Inc.*,
   No. 06-CV-5241, 2007 WL 2221030 (C.D. Cal. July 9, 2007)...............................16

*McKinney v. DeBord*,
   507 F.2d 501 (9th Cir. 1974) ..............................................................................4

*Nami v. Fauver*,
   82 F.3d 63 (3d Cir. 1996) ....................................................................................5

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)............................................................................................18

*Reeves v. Sanderson Plumbing Products, Inc.*,
   530 U.S. 133, 120 S.Ct. 2097 (2000)..................................................................15

*Russell v. Landrieu*,
   621 F.2d 1037 (9th Cir. 1980) ............................................................................4

*Scheuer v. Rhodes*,
   416 U.S. 232 (1974)............................................................................................5

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506, 122 S.Ct. 992 (2002)....................................................................4

*Thornton v. Solutionone Cleaning Concepts, Inc.*,
   No. 06-CV-1455, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007) ..........................2, 12

*Williams v. Strickland*,
   87 F.3d 1064 (9th Cir. 1996) ..............................................................................12

*Wofford v. Safeway Stores, Inc.*,
   78 F.R.D. 460 (N.D. Cal. 1978)..........................................................................16

*Yue Zhou v. Wang's Rest.*,
    No. 05-CV-0279, 2006 U.S. Dist. LEXIS 84397 (N.D. Cal. Nov. 9, 2006) ......................2, 12

**STATE CASES**

*Cortez v. Purolator Air Filtration Products*,
    23 Cal. 4th 163 (2000) ...............................................................................................13, 16

*Earley v. Superior Court of Los Angeles County*,
    79 Cal. App. 4th 1420 (2000) .........................................................................................5

*Farmers Ins. Exchange v. Superior Court*,
    2 Cal.4th 377 (1992) ....................................................................................................16

*Gould v. Maryland Sound Indus., Inc.*,
    31 Cal. App. 4th 1137 (1995) .........................................................................................5

*In re Trombley*,
    31 Cal. 2d 801 (1948) ....................................................................................................9

*Jersey v. John Muir Medical Ctr.*,
    97 Cal. App. 4th 814 (2002) ...........................................................................................8

*Morillion v. Royal Packing Co.*,
    22 Cal. 4th 575 (2000) ...................................................................................................5

*Road Sprinkler Fitters Union Local Union No. 669 v. G&G Fire Sprinklers, Inc.*,
    102 Cal. App. 4th 765 (2002) .........................................................................................8

*Smith v. The Superior Court of Los Angeles County*,
    29 Cal. 4th 77 (2006) .....................................................................................................5

*Smith v. The Superior Court of Los Angeles County*,
    39 Cal. 4th 77 (2006) .....................................................................................................9

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

29 U.S.C. § 216(c) ..............................................................................................................2, 12

FED. R. CIV. P. 8 .................................................................................................................4, 5

FED. R. CIV. P. 11 ...................................................................................................................1

FED. R. CIV. P. 12(b)(6) ..............................................................................................4, 5, 14, 15

FED. R. CIV. P. Rule 12(b) ........................................................................................................1

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

No. 08-cv-0152 W (WMc)

# INTRODUCTION[1]

Defendants JP Morgan Chase & Co., JP Morgan Chase Bank, N.A., and Chase Manhattan Mortgage Corp. ("Defendants" or "JP Morgan") proffer several baseless arguments seeking dismissal of Plaintiff Concepcion Jimenez's ("Plaintiff" or "Jimenez") Complaint.[2] Defendants put forth several unpersuasive arguments that challenge: (i) the merits of Plaintiff's claims; (ii) Plaintiff's claim of unpaid wages and overtime compensation; and (iii) Plaintiff's ability to enjoin Defendants conduct. Tacitly acknowledging the futility of their arguments, Defendants resort to wholly improper attacks on Plaintiff's counsel and the recent filings of wage and hour actions.[3] Defendants' arguments, while nothing more than a thinly veiled attempt to cloak their egregious labor practices, are nonetheless unavailing.

Under the guise of a Fed. R. Civ. P. Rule 12(b) motion, Defendants submit the argument that Plaintiff has waived her right to bring wage and hour claims, including

---

[1]  Pursuant to an agreement amongst counsel, Plaintiff has filed this response on April 22, 2008, rather than the original date it was due, April 21, 2008.

[2] *See* Defendants' Memorandum of Points and Authorities In Support Of Defendants' Motion To Dismiss Plaintiff's Complaint Pursuant To Rule 12(b)(6) and 12(b)(1) (hereinafter, referred to as "Def. Motion").

[3] Incredibly, nearly two pages (and one third of Defendants' exhibits) are dedicated to unwarranted attacks on the credibility and adequacy of Plaintiff's counsel. *See* Def. Motion at 5-6; Exhibits 4 and 5 to Declaration of Jason S. Mills in Support of Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) and Rule 12(b)(1) ("Mills Decl."). Defendants accuse Plaintiff's counsel of "capitalizing" on wage and hour cases and engaging in, *inter alia*, a "direct mass mail campaign." There is absolutely nothing improper with Plaintiff's counsel's actions. In fact, Plaintiff's counsel's actions comport with the California Rules of Professional Conduct, including, *inter alia*, California Bar Rules, Prof. Conduct R. 1-400 (2007) and – in light of this and, presumably, Fed. R. Civ. P. 11 – defense counsel makes no claims to the contrary. In short, Defendants' baseless accusations are altogether improper and, more importantly, irrelevant to this Rule 12 motion. As such, Defendants' potshots at Plaintiff's counsel fail to advance this litigation.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 08-cv-0152 W (WMc)

participation in any potential federal collective action, because she has purportedly "released" such claims against Defendants (and has covenanted not to sue).[4]    However, despite Defendants' arguments to the contrary, it is unlawful under California law to seek a release of wage claims for unpaid wages still due and owing.  *See* California Labor Code §206.5. Likewise, the rights granted by the Fair Labor Standards Act ("FLSA") are similarly unwaivable.[5]  Further, settlement of unpaid wage claims is illegal unless approved by a district court or the Department of Labor.[6]  The federal and state legal precedent cited herein evidence strong policies that disfavor the release of employee wage claims.  As such, Defendants' assertions that Plaintiff's Complaint must be dismissed due to her execution of a release ring hollow.  In short, the "release" of Plaintiff's wage and hour claims is both improper and wholly unenforceable.

Likewise, Defendants' argument that Plaintiff's claims lack merit is not only unavailing, but also premature at this juncture of the proceeding.  An analysis of the merits of Plaintiff's claims at this nascent stage, absent any discovery, is wholly improper for consideration in a Rule 12(b) motion to dismiss, in light of Plaintiff's well-pled complaint.

---

[4] Evincing the futility of their argument, Defendants first claim that Plaintiff is barred from bringing any state or federal wage and hour claim (*see* Def. Motion at 7), then contradict that position by stating that she *is* permitted to bring a claim pursuant to the FLSA (*see* Def. Motion at 7, n.2).  Defendants, in yet another about face, finally state that Plaintiff is forbidden from bringing, or even participating in a collective action pursuant to the FLSA (*see* Def. Motion at 8).

[5] *See Thornton v. Solutionone Cleaning Concepts, Inc*., No. 06-CV-1455, 2007 WL 210586, at *3 (E.D. Cal. Jan. 26, 2007), citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) and *Yue Zhou v. Wang's Rest.*, No. 05-CV-0279, 2006 U.S. Dist. LEXIS 84397, at *3-*4 (N.D. Cal. Nov. 9, 2006).

[6] *See* 29 U.S.C. §216(c); *Thornton*, 2007 WL 210586, at *3; *Lynn's Food Stores*, 679 F.2d at 1352-53.

Despite Defendants' use of buzz words such as "misclassification," "exemption," and the submission of several documents, the simple fact remains that for purposes of a motion to dismiss Plaintiff is not required to demonstrate the success of her claims.  All Plaintiff is required to show at this early stage of the litigation is that she has adequately put Defendants on notice of her claims.  Plaintiff has clearly met this lenient standard.

Defendants also proffer the argument that Plaintiff's status as a former employee forbids her from seeking an injunction prohibiting them from further wage violations.  However, this argument is unpersuasive as Plaintiff seeks to represent a class of potentially hundreds of individuals currently employed by Defendant and who are similarly situated and subject to the same improper conduct.  Plaintiff's request for an injunction is, therefore, necessary and wholly appropriate to ensure that Defendants refrain from further wage violations.  Relatedly, Defendants also claim that Plaintiff lacks standing to bring her class claims and represent the putative classes.  *See* Def. Motion at 15-16.  However, contrary to Defendants' assertion, Plaintiff is ideally suited to prosecute this class action.  She and the similarly situated putative class members are/were victims of the same conduct and suffered the same harm.

As such, and for all the reasons set forth below, Defendants' Motion should be denied in its entirety.

**ARGUMENT**

**I.    PLAINTIFF'S ALLEGATIONS ARE MORE THAN ADEQUATE TO MEET DEFENDANTS' RULE 12(B) CHALLENGE**

It is axiomatic that in reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). In fact, every factual difference must be resolved in favor of the plaintiff. *McKinney v. DeBord*, 507 F.2d 501, 503 (9th Cir. 1974). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957). Moreover, motions to dismiss are decided entirely on the pleadings alone and no regard is given to what may or may not be demonstrated at trial. *Hal Roach Studios, Inc. v Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir 1989). Given this stringent standard, only the most compelling motions to dismiss will be granted. *See Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986) (motions to dismiss are viewed with disfavor and are rarely granted).

Further, Plaintiff's claims are subject to the liberal pleading standard set forth in Fed. R. Civ. P. 8. Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief that provides the defendant with fair notice of the claim against him. Fed. R. Civ. P. 8. A complaint need not allege specific facts to set forth a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 995-996 (2002). A claimant's "short and plain" statement need only give "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. 41 at 47. A complaint that "complies with the federal rules of civil procedure cannot be dismissed on the ground that it is

conclusory or fails to allege facts." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff's allegations are substantially detailed and clearly satisfy Rule 8. Plaintiff's Complaint states facts which, if true, entitle her and other similarly situated individuals to relief under state and federal wage and hour laws.[7]

## II.    THE "RELEASE" OF WAGE AND HOUR CLAIMS IS ILLEGAL AND UNENFORCEABLE AS A MATTER OF LAW

In California, entitlement to overtime compensation is mandated by statute and is based on an important public policy. In *Gould v. Maryland Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1148 (1995) the court stated: "The duty to pay overtime wages is a duty imposed by statute; it is not a matter left to the private discretion of the employer." California courts have long recognized that wage and hour laws concern not only the health and welfare of the workers themselves, but also the public health and general welfare. *Earley v. Superior Court of Los Angeles County*, 79 Cal. App. 4th 1420 (2000) (citing *Monzon v. Schaefer Ambulance Service, Inc.* 224 Cal. App. 3d 16, 29 (1990)). Legislative enactments regarding wages are remedial in nature and liberally construed to promote such protection. *Morillion v. Royal Packing Co.* 22 Cal. 4th 575, 592 (2000). The public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established. "Delay of payment of loss of wages results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public." *Smith v. The Superior Court of Los Angeles County,* 29 Cal. 4th 77 (2006) (quoting

---

[7] Only those complaints which on their face show a bar to relief may be dismissed under Rule 12(b)(6). *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (motion must be denied if, "under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief"). Indeed, a Rule 12(b)(6) dismissal is unwarranted even if the district court is of the opinion that a plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

*Kerr's Catering Service v. Department of Industrial Relations* 57 Cal. 2d 319, 326 (1962).) Based on the unmistakable policy of protecting an employee's right to receive all wages earned, Defendants' Release cannot stand as a barrier to Plaintiff's requested relief.

### A.    The "Release Agreement"

In October, 2006, Plaintiff commenced employment as a Loan Officer with Defendant, marketing and/or selling home residential mortgage loans to Defendants' clients until her position was eliminated in July, 2007.  *See* Declaration of Concepcion Jimenez filed in support of her Opposition to Defendants' Motion ("Jimenez Decl.") at ¶ 1. On or about July, 2007 Defendant issued Plaintiff a notice letter ("Notice") indicating: "[d]ue to changes in our business, our staffing needs have changed.   As a result, your position will be eliminated [effective] 08/17/2007."  *See* Exhibit A to the Declaration of Gerald D. Wells, III in Support of Plaintiff's Opposition to Defendants' Motion ("Wells Decl.").   Concurrent with notifying Plaintiff of her termination, Defendants' Notice outlined the severance package available to Plaintiff.

Plaintiff's eligibility to receive this severance package was predicated upon Plaintiff executing a release agreement ("Release").  *See* Jimenez Decl. at ¶ 11.  Having been notified that her position was terminated, Plaintiff had little choice but to sign the necessary documents to receive her severance compensation.   Among other things, the Release (drafted by Defendants) contained the following statements:

- "The claims I am releasing include … any claims under federal, state or local law … including state or local wage and hour laws;" *See* Wells Decl., Ex. A at 1.

- " … I am not releasing … any claim under the Fair Labor Standards Act for failure to pay minimum wages or overtime;" *Id.*; and

- "I agree that if a class or collective action is brought against [Defendants] … I will opt out of the class or collective action, or refrain from opting in." *Id.* at 2.

The language of the terms of Defendants' Release is inapposite, as described below. Moreover, it is confusing and self-conflicting. It purports to release any claim under federal law, and then subsequently states that Plaintiff does not release claims under the FLSA. Further muddying the waters, the Release then prohibits Plaintiff from opting-in to an FLSA action, despite purporting not to have "release[d]… any claim under the Fair Labor Standards Act."

In spite of the confusing nature of the agreement's terms, Defendants argue that the "<u>contractual</u> language [of the Release] is plain and unmistakable," and allege that "Jimenez nonetheless proceeded to breach her agreement and file this action." *See* Def. Motion at 9. However, Defendants' contentions miss the mark. The issue before this court is not whether Plaintiff knowingly and voluntarily signed the Release (and agreed to be bound by its terms), but whether the release violates the strong state and federal public policies upholding Plaintiff's right to collect wages due and owing from Defendants. As outlined herein, Plaintiff did not waive and release her claims for wages owed to her (or the putative class members), nor her rights pursuant to the FLSA (and the rights of the putative class members).

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 08-cv-0152 W (WMc)

**B.    California Labor Code § 206.5 Renders Illegal and Unenforceable All Releases For Violations Of The State's Labor Code**

Under California law, it is illegal for an employer to require the release of an employee's wage and hour claims without first having paid those claims.  The language of Labor Code § 206.5 plainly states:

> No Employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made.[8]  Any release required or executed in violation of the provisions of this section shall be null and void as between the employer and the employee and the violation of the provisions of this section shall be a misdemeanor.

Moreover, Labor Code §219 provides that no employer and employee may enter into an agreement to violate the provisions of §206.5.  *See Jersey v. John Muir Medical Ctr.*, 97 Cal. App. 4th 814, 824 (2002).  Even "prospective" agreements to waive overtime compensation are void under California law.  *See* Labor Code §1194.  Unquestionably, Plaintiff has a statutory right to sue Defendants to recover her unpaid wages (including overtime compensation) pursuant to Labor Code § 1194.  Indeed:

> Entitlement to overtime compensation … is mandated by statute and is based on an important public policy. … 'The duty to pay overtime wages is a duty imposed by the state; it is not a matter left to the private discretion of the employer. California courts have long recognized [that] wage and hour laws concern not only the health and welfare of the workers themselves, but also the public health and general welfare'.

*Road Sprinkler*, 102 Cal. App. 4th 765, at 778 (2002), citing *Earley v. Superior Court*, 79 Cal. App. 4th 1420, 1430 (2000).  Citing the United States Supreme Court in *Livadas v. Bradshaw,*

---

[8] Section 200(a) of the Labor Code defines "wages" to include "all amounts for labor performed by employees of every description" and includes overtime compensation.  *See Road Sprinkler Fitters Union Local Union No. 669 v. G&G Fire Sprinklers, Inc.*, 102 Cal. App. 4th 765 (2002).

the United States Court of Appeals for the Ninth Circuit clearly articulated that "when the California legislature enacted the California Labor Code, it explicitly made the rights conferred nonnegotiable. . . .  This legislature could not have spoken more clearly, and we agree with the Supreme Court that section 219 purports to 'preclude any private contractual waiver of the minimum labor standards' set forth in the Code."  *Balcorta v. Twentieth Century-Fox Film Corp.* 208 F.3d 1002, 1111 (2000) (citing *Livadas,* 512 U.S. at 110, 128 (1994)).

Despite these statutory codifications and binding legal precedents, Defendants argue that the Release should be enforced by the Court because "California law strongly favors the settlement of disputes and the enforcement of releases."  The strength of Defendants' assertion in this context is questionable and moreover, California law also specifically recognizes that claims for wages are in a special category.  *In re Trombley*, 31 Cal. 2d 801, 809-10 (1948) (noting, "It has long been recognized that wages are not ordinary debts, that they may be preferred over other claims, and that, because of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay when it is due."); *see also Smith v. The Superior Court of Los Angeles County*, 39 Cal. 4th 77, 82 (2006).

The futility of Defendants' argument is further evidenced by the fact that nothing in their Motion rebuts the fact that section 206.5 prohibits the release of wage and hour claims unless they are first paid.  Further, by Defendants own admission, Plaintiff was entitled to receive overtime wages.  Therefore Plaintiff should have received overtime wages for ALL hours worked in excess of forty per week and eight per day.  Instead, Defendants reiterate their unfounded assertion that because Plaintiff received some overtime compensation she has necessarily received all wages owing to her.  Thus, Defendants' baseless arguments conceal

9

their larger problem -- that, by its very terms, §206.5 prohibits a release of an employee's right to claim unpaid wages (including overtime compensation) from Defendants <u>unless</u> those wages have first been paid.  *See Zheng v. Siebel Systems, Inc.*, Civil No. 435601, Cal. Sup. Ct. (County of San Mateo) Order, May 31, 2006 at 7-8 ("*Zheng* Order"); *see also Warner v. Experian Information Solutions, Inc.*, Case No. BC362599, Cal. Sup Ct. (County of Los Angeles) (order of Kuhl, J. dated Sept. 21, 2007 at 7) (noting section 206.5 "is properly read, according to its *plain meaning*, as applicable to '*any* release of *any* claim or right' to wages owed but not paid. If such release is required by the employer, it is null and void.") (emphasis added).  In *Warner*, the court further opined "while section 206.5 should be interpreted to prohibit that which section 206 also precludes, section 206.5 should not be interpreted to prohibit only releases that would be improper under section 206, because the limitations of section 206.5 would be superfluous." *Id.* at 10.

Indeed in an analogous case, the defendant argued that the executed releases waived all claims against it, including those relating to overtime wages, while the plaintiff countered that the releases were null and void pursuant to Labor Code section 206.5.[9] *Zheng* Order at 2. Arguing that because it did not agree that it owed any overtime wages and the question of whether they were now due was "disputed," the defendant claimed, disputed wage claims could be validly waived, regardless of section 206.5.  *Id.* at 2-3.  The court dismissed the defendant's contention that as long as an employer disputes that *any* more wages are due, then any payment made to the employee conditioned on a release is effective as "seemingly

---

[9] As in the present case, the defendants in *Zheng* also gave "severance benefits" to departing employees, which it claimed was due consideration for the release of their wage and hour claims.

irrational." *Zheng* Order at 7.  To do so "would make Section 206.5 either superfluous or a

nullity – neither of which is a proper interpretation of an enacted statute." *Id.*, at 7-8.  Thus the

court held that to the extent that the releases "seek a release or waiver of overtime claims, of

failure to pay wages due, or as to misclassification as exempt employees [they] are null and

void pursuant to Labor Code Section 206.5, and thus enforceable." *Id.* at 8.  The court went on

to find that "there can be no waiver of the right to *earned* wages – regardless of whether they

are in dispute." *Id.  See also, Kelley et. al. v. Pacific Telesis Group,* Case No.  97-CV-02729

CW, 6 (N.D. Cal. July 25, 2000) (finding that general releases signed by plaintiffs do not apply

to wage claims). Moreover, the Court stated that section 206.5 "broadly bars the release of '*any*

claim…on account of wages due.'" *Kelley,* at 8.  (emphasis added.)

    As Defendant has not denied that Plaintiff was entitled to overtime compensation, and

Plaintiff's complaint properly alleges that she worked overtime for which she was not

compensated at an appropriate rate, there can be no credible dispute as to whether the wages

were earned and due.  Thus, as in *Zheng*, the Release signed by Plaintiff is also unenforceable.

Defendants' conduct should not be countenanced.

### C.  FLSA Rights Are Unwaivable And Cannot Be Abridged By Contract

    Federal law is clear that Plaintiff is entitled to bring her FLSA claims as part of a

collective action.  As a preliminary matter, the Supreme Court has left no doubt as to the non-

waivable nature of an employee's right to minimum wages and overtime pay under the FLSA,

holding that "FLSA rights cannot be abridged by contract or otherwise waived because this

would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to

effectuate." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 1444-

1445 (1981) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16, 66 S.Ct. 925, 928-929

(1946) and *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 902 (1945)); *see also, Williams v. Strickland*, 87 F.3d 1064, 1067 (9th Cir. 1996) (acknowledging that "FLSA rights cannot be waived").    Implicit in those rights, Defendants' Release language notwithstanding, is Plaintiff's ability to bring, or be a member of, a collective action.  *See Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004) (stating, "The FLSA provides a right of action to an employee against [her] employer when the employer fails to pay overtime wages … [A]n employee may also bring a collective action on behalf of similarly situated employees.") (citing *Doe v Advanced Textile Corp*, 214 F.3d 1058, 1064 (9th Cir. 2000).  Defendants' attempt to prescribe when, where and how Plaintiff can pursue her rights under the FLSA claims is simply impermissible.

Further, it is well-recognized that there are only two ways in which an FLSA wage claim by private sector employees can be compromised: (1) through supervision by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); and (2) approval by a district court of a settlement through a consent judgment after a lawsuit has been initiated.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *see also, Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06-CV-1455, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007); *Yue Zhou v. Wang's Rest.*, No. 05-CV-0279, 2006 U.S. Dist. LEXIS 84397, *3-*4 (N.D. Cal. Nov. 9, 2006).  Since there are only two ways to settle an FLSA wage dispute with employees like Jimenez – neither of which has occurred here – Plaintiffs' purported release of her right to pursue a collective action is therefore unenforceable.[10]

---

[10] Similarly, the case law cited by Defendants is also unavailing.  Defendants cite to the cases of *Horenstein v. Mortgage Market, Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001) and *Carter v. Countrywide Home Loans, Inc.*, 362 F.3d 294, 298 (5th Cir. 2004).  However, both

1

2

### D.    The "Release" Does Not Bar Plaintiff's Claims Pursuant To California Business & Professions Code §17200

3

4

Defendants assert that Plaintiff has released her rights to bring any claim for the

5

recovery of unpaid wages under any California law.  *See* Def. Motion at 6.  This necessarily

6

includes her claims pursuant to California Business and Professions Code § 17200, *et al*,

7

("Bus. & Prof. Code § 17200").  However, contrary to Defendants' allegations, Labor Code

8

section 206.5 extends protection to, and prohibits the release of, claims made under Bus. &

9

Prof. Code §17200.  *See Bureerong v. Uvawas*, 922 F.Supp. 1450, 1476 (C.D. Cal. 1996),

10

citing *Pacific Merchant Shipping Association v. Aubry*, 918 F.2d 1409 (9th Cir. 1990) cert.

11

den., 504 U.S. 979, 112 S. Ct. 2956.

12

In *Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163 (2000), the California

13

14

Supreme Court specifically held that overtime wages could be recovered under Bus. & Prof.

15

Code §17200 as those wages were the property of employees.  *Cortez*, 23 Cal. 4th at 177.

16

Moreover:

17

18

19

20

21

"Under Cal. Bus. & Prof. Code §17200, "unfair competition is defined to include 'unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue or misleading advertising."  It is broadly defined to include "anything than can properly be called a business practice and that at the same time is forbidden by law." … Clearly, Plaintiff's Complaint sufficiently alleges that Defendants have engaged in unfair business practices, including violations of the federal and state labor laws.  Thus, Plaintiff's have stated a claim for unfair business practices."

22

*Uvawas*, at 1477.

23

Here, Plaintiff seeks relief in connection with her unpaid wages claims which are, under

24

the ruling of *Cortez*, clearly her property.

25

26

27

cases turned on whether plaintiff's FLSA claims were subject to arbitration.  For this reason, these cases are readily distinguishable.

28

Further, Plaintiff's claims pursuant to Bus. & Prof. Code §17200 are predicated upon Defendants' violation of the FLSA, which claims have not been released.    Thus, where Plaintiff's claims are premised on Defendant's failure to pay wages due and owing to Plaintiff, section 206.5 applies to Plaintiff's claims under the Bus. & Prof. Code §17200 and bars the release of these claims also.  As such, Plaintiff's claims for overtime wages under the Bus. & Prof. Code §17200 must proceed and the Court should rule the release invalid as a matter of law.

### III.    PLAINTIFF HAS STANDING TO BRING HER WAGE AND HOUR CLAIMS

Defendants proffer the mistaken argument that because Plaintiff may have been paid some overtime compensation, she does not have standing to bring her claims for the remainder of unpaid wages (including her unpaid overtime compensation).   *See* Def. Motion at 13 ("Jimenez lacks standing to pursue her claims because … she was eligible for, and received, overtime compensation.").[11]   As a preliminary matter, Plaintiff did not allege that she was ineligible for overtime exemption.  To the contrary, Plaintiff alleged that she did not receive wages, including overtime wages, for **all** hours worked in excess of forty (40) per workweek and/or eight (8) per day. *See, e.g.*, Complaint at ¶¶ 1, 4, 8-10; *see also,* Jimenez Decl. at ¶¶ 3, 5-7, 14. Further, and more importantly, determination of the merits of Plaintiff's claims is wholly improper for consideration on a Rule 12(b)(6) motion to dismiss.[12]   Nonetheless,

---

[11]  Defendants first argue that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) or 12(b)(6) on the basis that she does not have standing.  Clearly both arguments are unavailing, as Plaintiff has indicated she is has not been paid wages still due and owing from Defendants.

[12] Where satisfaction of an essential element of a claim for relief is at issue, then the jury is the proper trier of contested facts. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct.

14

Plaintiff has unequivocally stated that she is owed unpaid wages (including overtime compensation) by Defendants. Furthermore, Defendants' **own** payroll records indicate that a question of material fact exists as to whether Plaintiff worked overtime hours for which she was not paid time and a half, as required by federal and state law.[13]

As such, it is unmistakable, and Defendants can not credibly dispute, that Plaintiff has standing to bring her wage and hour claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

### A. Plaintiff Has Standing To Enjoin Defendants' Conduct Because There Is A Likelihood That Putative Class Members Will Continue To Be Harmed

Defendants' argument that Plaintiff lacks standing to assert a claim for injunctive relief is undercut by the language of the Business and Professional Code itself. Defendants base their argument on the fact that Plaintiff is "no longer employed with Defendants." *See* Def. Motion at 14. However, among other things, Bus. & Prof. Code § 17203 expressly provides that where, in a situation such as this, a defendant engages in unfair competition, a plaintiff is permitted to seek injunctive relief pursuant to Bus. & Prof. Code § 17204.

---

1235 (2006); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-151, 120 S.Ct. 2097, 2110-2111 (2000).

[13] Plaintiff's wage statement indicates that she had regular earnings of $1,000 for 86.67 hours worked over a two week period. *See* Mills Decl., Ex. 2. The maximum number of hours an employee may be compensated at the regular rate is 80 hours for a two week period. On its face the document indicates that Plaintiff was paid "regular" earnings for 6.67 hours for which she should have received premium compensation. To the extent the 86.67 hours noted on the wage statement do not signify 86.67 actual regular hours worked, then Defendants may have violated Labor Code § 226(a) by issuing an inaccurate wage statement. Furthermore, as Plaintiff's regular rate, and thus her overtime rate, appear to based on dividing her regular earnings by 86.67 hours, then Plaintiff's overtime rate may have been incorrectly calculated. Inarguably, these are all questions of fact, plainly not suitable for a Rule 12 motion.

Further, the unlawful business activity proscribed by Bus. & Prof. Code § 17200 consists of any type of business practice that, at the same time, is forbidden by law. *Bahramipour v. Citigroup Global Mkts, Inc*., No. 04-CV-4440, 2006 U.S. Dist. LEXIS 9010, at *7 (N.D. Cal. Feb. 22, 2006).  In essence, an action based on Bus. & Prof. Code § 17200 to redress unlawful business practices 'borrows' violations of other laws and treats them as unlawful practices that are independently actionable under Bus. & Prof. Code § 17200. *Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383 (1992).  Laws that have been enforced under Bus. & Prof. Code §17200's "unlawful" prong include labor laws.  *Id*. at 400, citing *People v. Los Angeles Palm, Inc.*, 121 Cal.App.3d 25 (1981).  The Labor Code permits the court to enjoin deceptive practices.  *See Cortez v. Purolator Air Filtration Products Co*. 23 Cal 4th 163, 178, 96 Cal Rptr. 2d 518, 999 P2d 706, 2000 Cal LEXIS 4418 (2000).  Notably several courts within this Circuit have held that former employees are adequate representatives of current employees in class actions seeking, at least in part, declaratory and/or injunctive relief. [14]  On this basis alone, Plaintiff's claim for injunctive relief is permitted.

In the case *at bar* Plaintiff alleges that Defendants are continuing to engage in improper conduct (including the failure to pay all wages due in violation of the California Labor Code).  Thus, putative class members face a real or immediate threat of an irreparable injury.  In fact former employees, such as Plaintiff, are particularly well-suited to pursuing claims on behalf

---

[14] *See, e.g.*, *Johnson v. GRMI, Inc*., No. 07-CV-0283, 2007 WL 2462101, at * 5 (E.D. Cal. Aug. 27, 2007) (denying the defendant's motion to strike former employees injunctive relief where dismissal would unfairly advantage the defendants and rob potential class members of remedy); *Maddock v. KB Homes, Inc*., No. 06-CV-5241, 2007 WL 2221030, at *5 (C.D. Cal. July 9, 2007); *Wofford v. Safeway Stores, Inc*., 78 F.R.D. 460, 489-90  n. 6 (N.D. Cal. 1978) ("[T]here is ample support for the position that former employees may represent present employees.").

16

1    of current employees because current employees often fear retaliation and are less likely to

2    bring suit.  *See, e.g.*, *Johnson*, 2007 WL 2462101, at * 5.  The cases upon which Defendants

3    rely are easily distinguishable.  *See, e.g.,  Hangarter v. Provident Life & Accident Ins. Co.*,

4    373 F.3d 998 (9th Cir. 2004); *City of L.A. v. Lyons*., 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed. 2d

5    675 (1983); and *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999).  Notably,

6    not one of those cases involves allegations of harm on behalf of a class of similarly-situated

7    individuals as a result of the defendant's labor practices.  Nor do they rebut the simple fact that

8    Plaintiff is permitted, by statute, to enjoin Defendants' unlawful conduct.  As such, Plaintiff

9    would make a superior class representative because she is not susceptible to the same fears of

10   retaliation as Defendants' current employees.

11   Moreover, dismissing Plaintiff's claim for injunctive relief would be tantamount to

12   sanctioning Defendant's egregious conduct, and would permit it to continue unchecked and

13   unabated.  In light of California's strong public policy favoring the protection of employees

14   from the unscrupulous acts of their employers, respectfully, Defendants' Motion should be

15   denied.

16   **B.    Plaintiff Has Suffered An Injury In Fact Identical To Class Members And Has Adequate Standing To Represent Class Members**

17   Defendants' challenge to Plaintiff's adequacy as a class representative because she

18   received some overtime compensation fails.  First and foremost, Defendants misstate that

19   "Jimenez seeks to represent a purported class of employees who were allegedly misclassified as

20   exempt and thus not compensated for overtime hours worked."[15]  Def. Motion at 16.  However,

___

[15]  Defendants' assertion completely misrepresents Plaintiff's allegations.  Indeed Defendants fail to cite to Plaintiff's Complaint in support of their baseless and nefarious assertion.  The simple reason for this is that a basic reading of the Plaintiff's Complaint

17

as Plaintiff has repeatedly indicated, she seeks to represent a class of individuals (i.e., Loan Officers) who, similar to her, have not been paid all wages still due and owing from Defendant. [16] On this basis alone, Plaintiff has showed that she has sufficient standing to pursue the claims of putative class members. *See generally, O'Shea v. Littleton*, 414 U.S. 488 (1974).

Further, it is inappropriately premature to analyze the merits of Plaintiff's class claims at this stage of the litigation. Rather, courts generally "review class allegations through a motion for class certification." *In re Wal-Mart Stores, Inc.,* 505 F. Supp. 2d 609, 614-615 (N.D. Cal. 2007) (declining to rule on the propriety of class allegations before discovery had commenced or arguments related to class certification had been made, despite noting that the plaintiffs' class allegations were "somewhat suspicious"). Similar to *Wal-Mart*, discovery in the instant matter has not yet commenced and Plaintiff has not yet moved to certify her class pursuant to Rule 23 or the FLSA. Defendants' arguments regarding the propriety of the class allegations are therefore premature. Accordingly, the Court should respectively deny Defendants' Motion predicated on the class allegations at this procedural stage.

## CONCLUSION

As detailed herein, Defendants' arguments are baseless, wholly improper and unavailing. State and federal law prohibits the release of Plaintiff's wage and hour claims.

---

illustrates that Plaintiff alleges she was not paid for all hours worked, including all hours in excess of forty per week and eight per day. Nowhere does Plaintiff assert she and the putative class members were misclassified.

[16] Curiously, Defendants attempt to differentiate Plaintiff further from the class of "Loan Officers" she seeks to represent in part on the basis of her job title. See Def. Motion at 13 ("Jimenez held the position of "Bilingual Inbound Lending Specialist … a title not even mentioned in her Complaint."). However, Plaintiff's job title is irrelevant to determining the merits of her claims. Moreover, Plaintiff has adequately pled that she and the class members she seeks to represent are similarly situated.

18

1    Moreover, Plaintiff unquestionably has standing on behalf of herself and the putative class

2    members to assert claims for wages due by Defendants.  As such, Plaintiff respectfully requests

3    that this Court deny Defendant's Motion to Dismiss in its entirety.

4

5    DATED:  April 22, 2008                    **SCHIFFRIN BARROWAY**

6                                              **TOPAZ & KESSLER, LLP**

7

8                                        By:____/s/_____
                                             Alan R. Plutzik
9                                            L. Timothy Fisher
                                             2125 Oak Grove Road, Suite 120
10                                           Walnut Creek, CA 94598
                                             Telephone: (925) 945-0770
11                                           Facsimile: (925) 945-8792

12                                           -and-

13
                                             Joseph H. Meltzer
14                                           Gerald D. Wells, III
                                             Robert J. Gray
15                                           Robert W. Biela
                                             280 King of Prussia Road
16                                           Radnor, PA 19087
                                             Telephone: (610) 667-7706
17                                           Facsimile: (610) 667-7056
18

19                                           *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
No. 08-cv-0152 W (WMc)