SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Alan R. Plutzik
L. Timothy Fisher
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
Robert W. Biela
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION JIMENEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE & CO.;<br>JP MORGAN CHASE BANK, N.A.;<br>CHASE MANHATTAN MORTGAGE CORP., and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 08-cv-0152 W (WMc)<br><br>DECLARATION OF CONCEPCION JIMENEZ IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) AND RULE 12(B)(1) |

- 1 -

DECLARATION OF CONCEPCION JIMENEZ
CASE NO. 08-cv-0152 W (WMc)

1100371.1

I, CONCEPCION JIMENEZ, do hereby state and declare as follows:

1. I was employed by JP Morgan Chase as a Bilingual Inbound Lending Specialist from approximately October, 2006 until July, 2007. My principal responsibilities included selling and/or marketing residential home mortgage loans, home equity loans and/or other loan products for the benefit of JP Morgan Chase.

2. I routinely worked in excess of forty (40) hours per week and/or eight (8) hours in a single workday to fulfill my job responsibilities at JP Morgan Chase. On occasion, due to my workload, I found it necessary to work in excess of fifty (50) hours per week.

3. During my employment with JP Morgan Chase there were times when I worked in excess of forty hours per week but was not paid for all of the hours I worked.

4. I was required to record all the hours that I worked on a time-sheet in order to be paid by JP Morgan Chase.

5. On numerous occasions, I was not paid for all of the hours that were recorded on my time-sheet. On other occasions, I was directed by my supervisor not to record certain hours that I worked. As such, on several occasions, my paycheck did not accurately reflect the hours that I worked.

6. In addition, I was also routinely directed by my supervisor to record on my time-sheet that I had taken meal and rest breaks when in fact I had not. As such, I was not paid for the work that I performed during these occasions either.

7. Moreover, during my time at JP Morgan Chase, there were occasions where I worked more than 40 hours per week where I only received straight time (rather than my overtime rate) for the hours I worked in excess of 40.

- 2 -

DECLARATION OF CONCEPCION JIMENEZ
CASE NO. 08-cv-0152 W (WMc)

1100371.1

8. Prior to my leaving JP Morgan Chase, the Company notified me that my position, along with a number of my colleagues' positions, would be eliminated. I, along with my colleagues, was notified of our termination by management personnel at JP Morgan Chase. In addition to receiving oral notification of our termination, we also received a letter from the Company explaining that our positions were being eliminated. In addition to receiving this letter, I also received a copy of a release agreement from JP Morgan Chase.

9. The letter indicated that I would be eligible for severance benefits, including a severance payment. The letter also indicated the severance payment would be equal to four weeks of my regular base pay.

10. It is my understanding that the severance payment was offered because my position was being terminated. At no time was I told by JP Morgan Chase that the severance payment, or other severance-benefits offered by them, was for payment of unpaid wages owed to me by JP Morgan Chase.

11. At the time I was notified that my position was being terminated, I was told that I would have to sign the release agreement prior to receiving my severance package. My last day with the Company was the same day that I was notified that my position was being terminated. Consequently, I received the severance package's benefits only after I ceased employment with JP Morgan Chase and had signed the release agreement.

13. At no time did I receive any severance payment or benefit prior to leaving JP Morgan Chase. To the best of my recollection, I was never told by the Company that the severance benefits were for wages due and owing to me.

14. To date, I have not received all the compensation (including all overtime compensation) due and owing to me by JP Morgan Chase.

- 3 -

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 18, 2008, in San Diego, California.

*/s/ Concepcion Jimenez*
Concepcion Jimenez

- 4 -

DECLARATION OF CONCEPCION JIMENEZ
CASE NO. 08-cv-0152 W (WMc)

1100371.1