# EXHIBIT B

## RELEASE AGREEMENT

**Release of Claims**

I, Concepcion Jimenez, (V050823) sign this Release Agreement ("Release") in exchange for the severance pay, severance-related benefits and career services described in the notice letter to me dated 06/18/2007 from Mary Stuart Meyer (the "Notice Letter").

I understand that this Release, including any attachments containing provisions specific to my state, will be binding on myself, my heirs, assigns, representatives and estate, and that I am releasing JPMorgan Chase and Co. (and any predecessor or successor entities thereof), its affiliates, subsidiaries, employees, directors, officers, representatives, administrators, agents, assigns, trustees, and any fiduciaries of any employee benefit plan (collectively, the "Company") from all liability for any claims or potential claims relating to my employment with the Company and/or the termination of my employment, subject to the exceptions listed below. I understand that "claims" includes claims I know about and claims I do not know about, as well as the continuing effects of anything that happened before I sign below.

The claims I am releasing include, but are not limited to:

- any claims under any federal, state or local law, including, but not limited to, the Americans with Disabilities Act, the National Labor Relations Act, the Employee Retirement Income Security Act of 1974 ("ERISA") including, but not limited to, breach of fiduciary duty and equitable claims arising under §1132 (a)(3) of ERISA, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, as amended by the Older Workers Benefit Protection Act of 1990, the Civil Rights Acts of 1866, 1871 and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, the Worker Adjustment and Retraining Notification Act (all as amended), state or local wage and hour laws, state or local laws against discrimination; and

- any and all claims arising under common law, including any policy, procedure, practice, contract (whether express, oral, written or implied from any source), tort (including but not limited to claims of defamation, intentional or negligent infliction of emotional distress, tortious interference, wrongful or abusive discharge, conversion, fraud, negligence, loss of consortium), or public policy; and

- any and all claims of retaliation under all federal, state, local or common or other law; and

- any and all employment and/or benefit related claims subject to or covered by any arbitration agreements or provisions.

I specifically waive my rights under California Civil Code Section 1542, which states: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have mutually affected his settlement with the debtor." Being aware of this section, I hereby expressly waive and relinquish all rights and benefits which I may have under this section as well as any other statutes or common law principles of similar effect.

The following are claims that I am not releasing:

- any claim under the Fair Labor Standards Act for failure to pay minimum wages or overtime;

- any legal obligations of the Company to indemnify me under applicable by-laws consistent with applicable law;

- any legal obligations of the Company under any award of restricted stock/units or stock options/stock appreciation rights outstanding as of the date my employment terminates, which award(s) shall be governed by its/their terms; or

- any rights or claims (i) that may arise after I sign below, (ii) under the terms of the Notice Letter, (iii) under the terms of any pension plan or deferred compensation plan for payment of any vested benefits, or (iv) for benefits under any employee welfare plan in which I participate, all as in effect from time to time.

### Agreement Not to Sue

I agree that I will not file a lawsuit or initiate any other legal proceedings for money or other relief in connection with the claims I am releasing above. However, I understand that nothing in this Release prevents me from filing an administrative charge with the Equal Employment Opportunity Commission or a corresponding state or local agency. I agree that if I do file such a charge, I will not ask for or accept any money based on the charge.

I also understand that even though I am releasing the Company from any claims of age discrimination under the Age Discrimination in Employment Act (ADEA), as amended, this Release does not prevent me from filing a lawsuit to challenge whether I signed this Release knowingly and voluntarily for purposes of ADEA. I further understand that this Release does not prevent me from filing a lawsuit to pursue any claims that by law I cannot waive.

I agree that if a class or collective action is brought against the Company and I could be a participant in such action because of my employment with the Company, I will opt out of the class or collective action, or refrain from opting in.

### Compensation

I agree that the Company has paid me all compensation (including without limitation all salary, bonus, incentive and overtime payments) that I have earned on or before the date I sign below, except for any payments to which I am entitled under the terms of the Notice Letter.

### Continuing Obligations, Code of Conduct

By signing below, I agree to the terms of the Notice Letter and my continuing obligations outlined below.

I understand that I have certain obligations under the Company's Code of Conduct following the termination of my employment and that I may obtain a copy of the Code of Conduct from my Human Resources Business Partner or on the Company intranet.

I acknowledge that the Company views its relationships with its employees as important and valuable assets. I agree that during the rest of my employment and for one year after my termination date, I will not on my own behalf or on behalf of anyone else, directly or indirectly, solicit, induce to leave or hire any Company employee or anyone who was employed by the Company within the prior 12 months, other than those whose employment terminated at Company initiative.

By signing the Release, I also agree to cooperate fully with and provide full and accurate information to the Company and its lawyers with respect to any matter (including any audit, tax proceeding, litigation, investigation or governmental proceeding) about which I may have knowledge or information. I understand that if the Company requires such cooperation, it will reimburse me for actual, appropriate and reasonable costs and expenses.

I also certify that I have advised the Company of all facts of which I am aware that I believe may constitute a violation of the Company's Code of Conduct and/or the Company's legal obligations.

### Enforcement of Release

I agree that violating my continuing obligations outlined in this Release will be considered a material breach of this Release and that in such a case it will be appropriate for the Company to take legal action to ask for money and an injunction. I agree that any injunction the Company obtains will be in addition to any money damages. I

further understand that if I violate the terms of this Release, any of the severance pay and benefits I received because of this Release or the Notice Letter will stop and/or be due and owing to the Company.

I also agree that if any of the provisions contained in this Release are found to be unenforceable by a court or other forum of competent jurisdiction, the court shall change those provisions to the extent necessary to make them enforceable or delete them, but all of the remaining provisions will remain valid and binding upon both parties.

**Deadline to Return; Knowing and Voluntary Agreement**

I understand and agree that I have until 08/02/2007 to sign and return this Release to Mary Stuart Meyer, 504 Virginia Drive, Ft. Washington, PA 19034-2707.

By signing below, I confirm that I have read this Release, understand it, agree to it and sign it knowingly and voluntarily. I agree that I am signing this Release in exchange for benefits to which I would not otherwise be entitled. I am hereby advised to discuss this Release with an attorney of my choosing (at my own expense). Neither the Company nor its representatives have made, and I am not relying on, any statements concerning the terms or effects of this Release other than what is contained in this Release. I agree that I have been given a reasonable period of time (at least forty-five (45) days) to review, consider and sign this Release. I understand that I may change my mind and revoke this Release within seven (7) days of signing it by delivering my revocation in writing to Mary Stuart Meyer via certified mail/return receipt requested (or by overnight courier or facsimile) within that seven day period.

    Intending to be legally bound, I, Concepcion Jimenez, hereby sign the foregoing Release this _____ day of _____, 20___.

_____

Concepcion Jimenez

STATE OF _____ )
                                 ) ss.:
COUNTY OF _____ )

    On this _____ day of _____, 20___, before me personally came Concepcion Jimenez, known to me to be the individual described herein, and who executed the foregoing Release, and duly acknowledged to me that She executed the same.

_____

Notary Public