1  MORGAN, LEWIS & BOCKIUS LLP
   JENNIFER WHITE-SPERLING, State Bar No. 166504
2  5 Park Plaza, Suite 1750
   Irvine, CA 92614
3  Tel:   949.399.7000
   Fax:   949.399.7001
4  E-mail: jwhite-sperling@morganlewis.com

5  MORGAN, LEWIS & BOCKIUS LLP
   JASON S. MILLS, State Bar No. 225126
6  300 South Grand Avenue
   Twenty-Second Floor
7  Los Angeles, CA 90071-3132
   Tel:   213.612.2500
8  Fax:   213.612.2501
   E-mail: jmills@morganlewis.com
9
   Attorneys for Defendants
10 JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.;
   CHASE MANHATTAN MORTGAGE CORP.
11

12                  UNITED STATES DISTRICT COURT

13                  SOUTHERN DISTRICT OF CALIFORNIA

14

15

16 | CONCEPCION JIMENEZ, on behalf of       | Case No. 08cv0152 W (WMc)
   | herself and all others similarly situated, |
17 |                                         | **DEFENDANTS' REPLY IN SUPPORT
   |               Plaintiff,                | OF MOTION TO DISMISS
18 |                                         | PLAINTIFF'S COMPLAINT
   |                vs.                      | PURSUANT TO RULE 12(B)(6) AND
19 | JPMORGAN CHASE & CO.; JPMORGAN          | RULE 12(B)(1)**
   | CHASE BANK, N.A.; CHASE                 |
20 | MANHATTAN MORTGAGE CORP.; and           | Date:   May 5, 2008
   | DOES 1 through 10, inclusive,           | Time:   10:30 a.m.
21 |               Defendants.               | Judge:  T. J. Whelan
   |                                         | Dept:   Courtroom 7
22 |                                         |
   |                                         | Trial:  None set.
23 |                                         |
   |                                         | [No oral argument pursuant to Local Rule]
24
25
26
27
28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

1-LA/990381.2

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

## I. INTRODUCTION

Jimenez's arguments in opposition are insufficient to survive Defendants' Motion to Dismiss. First, Jimenez argues that the Release Agreement she signed, and for which she received substantial consideration, is unenforceable. Jimenez has no legal support for her arguments. Jimenez maintains that this Court should ignore her express agreement not even to participate in a collective action against Chase. Contrary to Jimenez's position, however, the Ninth Circuit has been clear that employees can, as Jimenez did here, "abandon their right to enforce [their] claims as a collective action." *Horenstein v. Mortgage Mkt., Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001). California law is also clear that an employee is free to release state wage and hour claims, as Jimenez did here, unless the employer concedes that such wages are due. Jimenez expressly represented to Defendants that she has been paid all compensation due, and only now—after receiving a substantial severance package—does Jimenez attempt to recant this representation and create a dispute over her wages. No unpaid wages are "concededly due" to Jimenez. Thus, Jimenez's agreement to release her state wage claims is also enforceable, and the Court should reject her varied attempts to avoid the contractual agreements she made.

Finally, Jimenez cannot establish that she has standing to pursue the claims in her Complaint. Contrary to the allegations in her Complaint clearly alleging that she was a *misclassified* employee who did not receive overtime compensation, Jimenez now states, as she must, that she was an hourly employee who did receive overtime compensation. Jimenez's Complaint is based on her allegation that she was a misclassified employee, a claim that Jimenez lacks standing to pursue. In addition to lacking standing to pursue her individual claim, Jimenez does not have standing to represent a class of allegedly misclassified loan officers – a class of employees of which Jimenez, as demonstrated by her own affidavit, is not even a member. Jimenez's attempt to state new claims for overtime pay in her affidavit that are not set out in her Complaint cannot save either her individual or class claims from dismissal.

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/990381.2

- 1 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

## II. JIMENEZ'S ARGUMENTS IN OPPOSITION ARE INSUFFICIENT TO SURVIVE A MOTION TO DISMISS.

### A. Jimenez Signed an Enforceable Release Agreement.

Jimenez attempts to argue that the signed and notarized written agreement, in exchange for which she received substantial consideration, is not an effective release of her claims. First, Jimenez claims that the Release she signed is not enforceable because it is "confusing." Plaintiff's Memorandum of Points and Authorities in Support of Her Opposition to Defendants'' Motion to Dismiss Plaintiff's Complaint ("Opp."). at 7. Second, Jimenez erroneously contends that her release of her California claims is not enforceable. Opp. at 8. Third, Jimenez unsuccessfully tries to manufacture a non-existent "right" to proceed collectively with her claims. *Id*. at 11. Finally, Plaintiff argues that her unfair business practices claim is unwaivable. Each of Jimenez's arguments is baseless and wholly without legal support.

#### 1. Jimenez Voluntarily Signed The Release Argument and Its Language is Clear.

As an initial matter, Jimenez's insinuation that she was forced to sign the Release Agreement is pure theatrics. Jimenez states that after "her position was terminated, [she] had little choice but to sign the necessary documents to receive her severance compensation." Opp. at 6. This is not a basis for invalidating the Release Agreement. Jimenez cannot claim that the contract is invalid because the only way for her to get the benefit of the contract was for her to enter into the contract in the first instance. Moreover, Jimenez had 45 days to review the Release Agreement and evaluate (and discuss with an attorney) any potential claims she had against Defendants. Declaration of Jason S. Mills in Support of Defendants' Motion to Dismiss ("Mills Decl.), Ex. 3, at Section titled "Deadline to Return; Knowing and Voluntary Agreement"). After having weighed her options, Jimenez elected to release her claims and take a substantial severance payment—four weeks pay after just nine months of employment. Declaration of Gerald D. Wells, III in Support of Plaintiff's Opposition to Motion to Dismiss ("Well Decl."), Ex. A. at 2. In fact, Plaintiff concedes herself that the "issue before the court is not whether Plaintiff knowingly and voluntarily signed the Release (and agreed to be bound by its terms), but whether

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/990381.2

- 2 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

the release violates" state and federal law. *Id.* Now, Jimenez wants her severance package <u>and</u> the unabated right to sue her former employer. But Jimenez cannot have both; she waived her right to pursue the very claims she sets forth in her Complaint as part of a valid and enforceable contract.

Moreover, Jimenez's suggestion that the Release Agreement is "confusing and self-conflicting" is equally unavailing. Opp. at 7. The Release Agreement is clear, setting forth the claims Jimenez released (*i.e.*, any state law wage claims) as well the claims she retained (*i.e.*, any individual FLSA claim). The second paragraph of the Release Agreement states that Jimenez is "releasing [Defendants] ... from all liability for any claims or potential claims relating to her employment ... <u>subject to the exceptions listed below</u>" (emphasis added) [Declaration of Jason S. Mills in Support of Defendant's Motion to Dismiss ("Mills Decl."), Ex. 3]. The next paragraph is introduced as "The claims I <u>am</u> releasing" (emphasis added). This paragraph states, simply, that Jimenez is releasing "any claims under any federal ... law[,]" and then provides a non-exhaustive list of released federal claims. *Id.* After the paragraphs addressing released claims, the next paragraph is introduced as "claims that I <u>am not</u> releasing" (emphasis added). This paragraph includes "any claim under the Fair Labor Standards Act for failure to pay minimum wages or overtime[.]" As such, FLSA claims are, as identified earlier, one of the "exceptions listed below." This language is neither confusing nor self-conflicting. *See, e.g. Fox v. Rodel, Inc.*, 1999 U.S. Dist. LEXIS 12246, at *21-22 (D. Del.) (carve-out provision in employee release agreement "manifest[ed] parties' clear intent to limit scope of future litigation" to specific claim). It simply carves out a claim that is not waived, and notifies the releasing party that the claim has not been released. Jimenez's suggestion that the Release is "confusing and self-conflicting" is baseless.

2. **Jimenez's Agreement not to Participate in a Collective Action is Enforceable.**

Jimenez agreed that if a "collective action is brought against the Company and [she] could be a participant in such action because of [her] employment with the Company, [she] will opt out ... of refrain from opting in" to the collective action. Mills Decl., Ex. 2. Jimenez nonetheless contends that this Court should nullify her express agreement because she possesses some

absolute, substantive right to bring her FLSA claim *as a collective action*. Virtually the entire section of Jimenez's opposition dedicated to her FLSA claims, however, addresses an unrelated issue of her right to bring an *individual* FLSA claim. Opp. at 11-12. This point is not in dispute in this action; the Release Agreement expressly carves out Jimenez's right to bring her own claim under the FLSA, as Defendants made clear in their moving papers. Mills Decl., Ex. 3. Jimenez, however, attempts to stretch her ability to pursue her individual claim to encompass a "right" to proceed collectively—as if Jimenez possessed a vested substantive right to pursue other employees' claims. Jimenez can offer no legal support for her position. Indeed, the only case Jimenez cites that touches upon plaintiff's ability to bring a collective action, *Leuthold v. Destination Am.*, 224 F.R.D. 462 (N.D. Cal. 2004), states that "an employee may also bring a collective action on behalf of similarly situated employees." *Id.* at 466, Opp. at 12 (emphasis added). This permissive language does not even suggest any absolute right to proceed collectively.

It is not surprising that Jimenez has no authority for her argument, given that controlling authority from the Ninth Circuit, as well as other Circuit Court authority, clearly holds that a party can waive the right to proceed collectively with their FLSA claim. Both *Horenstein v. Mortgage Mkt., Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001), and *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004), hold that a waiver of the right to bring a collective action is enforceable. Def. Mot. at 8. Jimenez attempts to distinguish these waivers on the ground that they appeared in arbitration agreements. Opp. at 13, n.10. But Jimenez provides no explanation as to why an employee can choose to forgo their ability to proceed collectively in their wage claims in an arbitration agreement but not in a release agreement. In fact, there is no basis for such a distinction, and Jimenez has released her right to proceed collectively under the FLSA.

As a last-ditch effort, Jimenez argues that a "right" to utilize a particular procedural device (the collective action) is somehow "implicit" in her individual right to pursue claims under the FLSA. Opp. at 12. Jimenez, however, confuses the procedural mechanism of a collective action with her substantive right to bring an individual FLSA claim. As the Ninth Circuit made clear in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/990381.2

- 4 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

*Horenstein*, although Jimenez retains the substantive right to bring an individual claim under the FLSA under the Release Agreement, she can and has waived the option to proceed collectively. Accordingly, to the extent Jimenez seeks to maintain her claim under the FLSA, she must do so individually as she expressly contracted to do.

3.  **Jimenez's Release of Her California State Law Claim is Enforceable.**

Jimenez next contends that the Release Agreement is unenforceable because, prior to signing, she was not compensated for some unspecified unpaid overtime hours that she only <u>now</u> claims to have worked. Opp. at 8. In support of her argument, Jimenez relies on California Labor Code Section 206.5, which states that "No employer shall require the execution of any release of any claim or right on account of wages due, or to become due, or made as an advance on wages to be earned, unless payment of such wages has been made." Jimenez's argument fails as a matter of law. It is well settled that Labor Code § 206.5 does not give plaintiffs free rein to release wage claims in exchange for benefits, only to contrive of and assert such claims against their employers at a later date.

Jimenez is simply incorrect in arguing that wage claims cannot be released unless the releasing party's alleged claim is paid in its entirety. Opp. at 8. California courts consistently have held that Section 206.5 applies only to the release of wages that are <u>concededly due</u>. Wages over which there exists a good faith dispute, such as whether Jimenez is entitled to the overtime she seeks in this lawsuit, are not subject to the prohibition set forth in Section 205.6. *See Reynov v. ADP Claims Servs. Group, Inc.*, No. C 06-2056 CW, 2007 U.S. Dist. LEXIS 31631, at *9 (N.D. Cal. Apr. 30, 2007) (holding that for purposes of Section 206.5, "wages are not 'due' if there is a good faith dispute as to whether they are owed"); *Sullivan v. Del Conte Masonry Co.*, 238 Cal. App. 2d 630, 634 (1965) (clarifying that Section 206.5 precludes settlement of wages concededly due, but permits compromise of a "bona fide dispute over wages"); *see also Perez v. Uline, Inc.*, 157 Cal. App. 4th 953, 956-961 (2007) (upholding enforceability of general release of claims as to plaintiff's overtime claim under the California Labor Code).

Section 206.5 must be interpreted in conjunction with Section 206(a), which states:

In case of a dispute over wages, the employer shall pay, without condition

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/990381.2

- 5 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

> and within the time set by this article, all wages, or parts thereof, conceded by her to be due, <u>leaving to the employee all remedies she might otherwise be entitled to as to any balance claimed</u>.

Cal. Lab. Code § 206(a) (emphasis added). Accordingly, as explained by the California Supreme Court, "in a dispute over wages the employer may not withhold wages concededly due to coerce settlement of the disputed balance." *Reid v. Overland Machined Products*, 55 Cal. 2d 203, 207 (1961).

The precise issue before this Court was recently addressed in *Reynov*, 2007 U.S. Dist. LEXIS 31631 at *4-*5. There, the plaintiff (like Jimenez) signed a release as part of a severance package she received upon departure from the defendant employer. *See id.* The plaintiff later brought claims for unpaid overtime wages, waiting time penalties, payments for missed meal and rest periods, and civil penalties, arguing that the release was not legally enforceable as to these claims due to Section 206.5. *Id.* at *5-*6, *11. The basis for the plaintiff's claims was that she was improperly classified as an exempt employee. *Id.* at *2-*3. The court rejected the plaintiff's argument and found the release enforceable, as Section 206.5 applies only to claims for wages that are "concededly due." *Id.* at *7-*8. As explained by the court, "section 206.5 voids releases of claims 'on account of wages due.' Based on the abovementioned authorities, the Court finds that wages are not 'due' if there is a good faith dispute as to whether they are owed." *Id.* at *8-*9 (citing *Reid*, 55 Cal. 2d at 207 and *Sullivan*, 238 Cal. App. 2d at 634). The court further reasoned that "[b]ecause [defendant's] defense that [plaintiff] was an exempt employee under California law would, if successful, preclude any recovery for [plaintiff], a bona fide dispute exists and the overtime pay cannot be considered 'concededly due.'"[1] *Id.* at *9 (citing *Sullivan*, 238 Cal. App. 2d at 634 and 8 C.C.R. § 13520 (defining a "good faith dispute" concerning wages as a dispute that occurs "when an employer presents a defense, based in law or fact which, if successful, would preclude any recover on the part of the employee")).[2]

---

[1] Similarly, it is Defendants' position in this lawsuit that Jimenez has been paid all wages due to her. Indeed, at the time Plaintiff left her employment, she specifically represented that Defendants had already paid all wages due to her. Defendants' position would, as in *Reynov*, preclude any recovery for Plaintiff.

[2] The plain language of Section 206.5 illustrates that it applies to wages concededly due and not to any wages disputably due. For example, use of the word "require" in providing that no

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/990381.2

- 6 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

This conclusion makes sense because the legislative history of Section 206.5 illustrates that the statute was meant to prevent "unscrupulous employers," particularly in the construction industry, from withholding an employee's paycheck unless the employee signed a release waiving all rights to additional compensation concededly due and owing. *Reynov*, 2007 U.S. Dist. LEXIS 31631, at *9. The legislation was intended to cover situations where a complete release of claims was required not only for wages indisputably owed, but often for far less than the indisputably owed amount. *Id.* Thus, the legislative history confirms that Section 206.5 applies only to wages concededly due, and not to wages over which there exists a good faith dispute. Here, as in *Reynov*, the parties have a "bona fide" dispute over the wages and penalties sought by Jimenez. *Id.* (defense that plaintiff was an exempt employee constitutes a bona fide dispute over wages).

Moreover, Jimenez, in exchange for a considerable severance package, already has represented that she is entitled to <u>no</u> wages. In the Release Agreement, Jimenez expressly represented that Defendants "paid [her] all compensation (including ... overtime payments)," *see* Mills Decl., Ex. 3, which contradicts her claims in this lawsuit that there are additional "wages due" to her. She is now estopped from contending that wages are "concededly due." Further, Jimenez concedes that a release of wage claims <u>is</u> enforceable where, as here, all wages have been paid. Opp. at 8. Jimenez's belated and opportunistic change of heart notwithstanding, she should not be permitted to sidestep her previous contractual representation.

In short, the case law, the legislative history, and the plain language of the statute make clear that Section 206.5 prohibits mandatory releases as to wages concededly due, but not voluntary releases as to wages over which there exists a good faith dispute. Accordingly, Jimenez cannot use Section 206.5 in her effort to shield her claims from dismissal found on the Release Agreement she signed.

---

employer may require an employee to release wages due, *see* Section 2065, indicates that the Section prohibits employers from <u>mandating</u> that an employee sign a release of claims in order to receive wages concededly due, as opposed to entering into a <u>voluntary</u> agreement with an employee over wages disputably due. *See* Cal. Lab. Code § 206.5 ("No employer shall <u>require</u> the execution of any release. . .") (emphasis added). Similarly, the Section prohibits "any release of any claim or right on account of wages <u>due, or to become due</u>," *see id.* (emphasis added) as opposed to simply prohibiting the "release of any claim or right on account of wages." *Id.* (emphasis added).

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/990381.2

- 7 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

### 4. Jimenez Has Waived Her Unfair Business Practices Claim.

Finally, Jimenez argues that her claims under California's Business and Professions Code § 17200, *et seq.*, also cannot be released. Here, Jimenez contends that "Labor Code section 206.5 extends protection to, and prohibits the release of, claims made under [§ 17200]." Opp. at 13. In support, Jimenez cites to *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1476 (C.D. Cal. 1996), which in turn cites to *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409 (9th Cir. 1990). Opp. at 13. Neither *Bureerong* nor *Pacific Merchant* even reference Labor Code Section 206.5, or otherwise support Jimenez's argument in any way. Rather, the cases state that the FLSA does not preempt § 17200 claims. *Bureerong*, 922 F. Supp. at 1477; *see also Pacific Merchant*, 918 F.2d at 1430. This holding bears no relevance to whether § 17200 claims can be released pursuant to Labor Code § 206.5. Thus, Jimenez offers no support whatsoever for her argument.

Moreover, Jimenez's position that her § 17200 claims cannot be waived is simply untenable. Jimenez argues that Labor Code § 206.5 "prohibits" the release of § 17200 claims. Opp. at 13. As Jimenez states, however, Bus. & Prof. Code § 17200, *et seq.* is "broadly defined" to include virtually any business practice violation under California law. Opp. at 13. Per Jimenez's logic, therefore, <u>no</u> claim can be effectively released—a plaintiff need only bring the identical claim under § 17200 notwithstanding the Plaintiff's express release to that identical claim. Such a conclusion would eviscerate California's longstanding enforcement of release agreements. *See, e.g., Skrbina v. Fleming Cos., Inc.* 45 Cal. App. 4th 1353, 1366 (1996) ("In general, a written release extinguishes any obligation covered by the release's terms[.]").

Jimenez also argues that her § 17200 claim cannot be released to the extent her claim is based on alleged violations of the FLSA as opposed to California state law. This argument, is similarly insupportable. Business and Profession Code § 17200, *et seq.*, is an independent California state statute with its own rights, remedies, and procedural underpinnings (including the lengthier four-year statute of limitations). The waivability of an FLSA claim simply has no effect on the waivability of her § 17200 claim. *See Simel v. JP Morgan Chase,* 2007 U.S. Dist. LEXIS 18693, at *12 (S.D.N.Y. Mar. 19, 2007) ("[C]ourts have been wary of extending the FLSA's expressed limitation (regarding waiver) to other statutory rights.") (citing *U.S. v. Allegheny-*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/990381.2

- 8 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

*Ludlum Indus., Inc.* 517 F.2d 826 (5th Cir. 1975)). Jimenez's attempt to broaden the reach of her FLSA claim should be rejected.

### B. Jimenez Cannot Achieve Standing Simply By Changing Her Position Through a Declaration.

Jimenez argues that she has standing to pursue her claims because she has "unequivocally stated that she is owed unpaid wages (including overtime compensation) by Defendants." Opp. at 15. Knowing that her claims cannot survive dismissal as pled, Jimenez: (1) tries to rely on a pleading standard that has been overturned by the Supreme Court; and (2) contradicts the allegations contained within her Complaint, now alleging that she is an hourly employee who did not receive all overtime due, rather than an allegedly misclassified employee as she originally alleged. Neither maneuver can salvage her deficient claims.

Jimenez contends that her allegations are "more than adequate" to survive Defendants' Motion to Dismiss because she need only give "fair notice" to Defendants of her claims. Opp. at 4. Specifically, Jimenez quotes the following language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957): "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of [her] claim which would entitle her to relief." Opp. at 4. This precise language from *Conley* has been expressly rejected by the United States Supreme Court. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) ("The [*Conley*] phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard[.]"). Rather, the Supreme Court has held that, to survive dismissal, Jimenez must state a "claim to relief that is plausible on its face," *Id.* at 1974; meaning it must be supported by a showing of a "set of facts consistent with the allegations in [her] complaint." *Id.* at 1969.

Aware that her Complaint does not state a "claim to relief that is plausible on its face," Jimenez contradicts her Complaint in the declaration she submitted in opposition to Defendants' motion. Her Complaint, as drafted, alleges that she was a misclassified employee who did not receive overtime. Complaint, ¶¶ 11, 13, 18-22. Jimenez now states, as she must, that she was not an exempt employee, who <u>did</u> receive overtime. Far from being "consistent" with her Complaint's allegations, she directly contradicts them. Thus, Jimenez lacks standing to pursue

Morgan, Lewis & Bockius LLP
Attorneys At Law
Los Angeles

1-LA/990381.2

- 9 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)

the claims on which her complaint is based, and her declaration is insufficient to save her claims from dismissal.

Likewise, Jimenez also lacks standing to pursue her claims on behalf of a class. As set forth in Defendant's moving papers, Jimenez, an employee who received overtime compensation, cannot represent a purported class of allegedly misclassified employees who are ineligible for overtime. Def. Mot. at 15-16. Jimenez simply cannot serve as class representative for a class of which she is not a member. *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (dismissal of claims is appropriate where the sole named plaintiff never had standing and where she never was a member of the class she was named to represent). In opposition, Plaintiff deliberately elects not to make clear that she only seeks to represent any employees who were eligible for, but did not receive, overtime pay. Instead, she expressly continues to press the claims of a class of individuals – "Loan Officers" who were not eligible for and did not receive overtime (Pl. Br. at 18) - to which she does not belong. Opp. at 18 n.16 ("Nowhere does Plaintiff assert she and the putative class members were misclassified."). The claims of an allegedly misclassified employee who was ineligible for overtime are wholly distinct from an employee who was eligible for overtime but claims to have worked overtime without compensation. Jimenez, therefore, cannot be "similarly situated" to employees who were ineligible for overtime, and cannot pursue claims on their behalf.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Plaintiff Jimenez's claims in their entirety.

Dated: May 1, 2008

MORGAN, LEWIS & BOCKIUS LLP
JENNIFER WHITE-SPERLING
JASON S. MILLS

By  /s/ Jason S. Mills
Jason S. Mills
Attorneys for Defendants
JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; CHASE MANHATTAN MORTGAGE CORP.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/990381.2

- 10 -

REPLY TO MOTION TO DISMISS
08CV0152 W (WMC)