1  MORGAN, LEWIS & BOCKIUS LLP
   JENNIFER WHITE-SPERLING, State Bar No. 166504
2  5 Park Plaza, Suite 1750
   Irvine, CA 92614
3  Tel: 949.399.7000
   Fax: 949.399.7001
4  E-mail: jwhite-sperling@morganlewis.com

5  MORGAN, LEWIS & BOCKIUS LLP
   JASON S. MILLS, State Bar No. 225126
6  300 South Grand Avenue
   Twenty-Second Floor
7  Los Angeles, CA 90071-3132
   Tel: 213.612.2500
8  Fax: 213.612.2501
   E-mail: jmills@morganlewis.com

9  Attorneys for Defendants
10 JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK,
   N.A.; CHASE MANHATTAN MORTGAGE CORP.

11

12

13                    UNITED STATES DISTRICT COURT

14                  SOUTHERN DISTRICT OF CALIFORNIA

15

16

17 | CONCEPCION JIMENEZ, on behalf        | Case No. 08cv0152 W (WMc)
   | of herself and all others similarly  |
18 | situated,                            | Hon. Thomas J. Whalen
19 |                  Plaintiff,          |
20 |            vs.                       | **DEFENDANTS JPMORGAN
   | JPMORGAN CHASE & CO.;                | CHASE & CO., JPMORGAN
21 | JPMORGAN CHASE BANK, N.A.;           | CHASE BANK, N.A., AND CHASE
   | CHASE MANHATTAN MORTGAGE             | MANHATTAN MORTGAGE
22 | CORP.; and DOES 1 through 10,        | COMPANY'S ANSWER TO
   | inclusive,                           | PLAINTIFF'S COMPLAINT AND
23 |                  Defendants.         | COUNTERCLAIM**

24

25     Defendants JPMORGAN CHASE & CO., JPMORGAN CHASE BANK,

26 N.A., and CHASE MANHATTAN MORTGAGE COMPANY (collectively

27 Defendants), through their undersigned counsel, answer the factual allegations of

28 Plaintiff Concepcion Jimenez ("Jimenez") Complaint ("Complaint") as follows:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

# INTRODUCTION

1.     Answering Paragraph 1 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required. To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Defendants further aver that Plaintiff's claims to recover unpaid compensation pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business & Professions Code (collectively herein "CA Labor Laws") were dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

2.     Answering Paragraph 2 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required. To the extent any such allegation are not deemed to be conclusions of law, Defendants deny such allegations.  Defendants further aver that Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

3.     Answering Paragraph 3 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required. To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.  Defendants specifically deny that Plaintiff should be allowed to bring this action as a collective action and specifically deny that Plaintiff or others are entitled to the relief alleged therein.

4.     Answering Paragraph 4 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required. Defendants further aver that Plaintiff's claims to recover unpaid compensation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                  2                    ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                                   COUNTERCLAIM (3:08-CV-00152)

1  pursuant to CA Labor Laws were dismissed by the Court's order granting in part

2  and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and,

3  therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws

4  are irrelevant and no answer is required.

5       5.     Answering Paragraph 5 of the Complaint, Defendants lack information

6  sufficient to form a belief as to the truth or falsity of the allegations set forth

7  therein, and on that basis, deny those allegations.  Defendants further affirmatively

8  aver that Plaintiffs may not maintain an action against "Doe" defendants and

9  demands that the "Doe" defendants be stricken in accordance with <u>Gillespie v.</u>

10  <u>Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).

11                      **<u>SUMMARY OF CLAIMS</u>**

12       6.     Answering Paragraph 6 of the Complaint and each of its subparts, to

13  the extent that the paragraph and its subparts make any factual allegations,

14  Defendants deny such allegations.  Defendants further aver that Plaintiff's claims to

15  recover unpaid compensation pursuant to CA Labor Laws were dismissed by the

16  Court's order granting in part and denying in part Defendants' motion to dismiss

17  Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph

18  concerning the CA Labor Laws are irrelevant and no answer is required.

19  Defendants specifically deny that Plaintiff should be allowed to bring this action as

20  a collective action.

21       7.     Answering Paragraph 7 of the Complaint, Defendants aver that the

22  allegations set forth therein are conclusions of law, to which no answer is required.

23  Defendants further aver that Plaintiff's claims to recover unpaid compensation

24  pursuant to CA Labor Laws were dismissed by the Court's order granting in part

25  and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and,

26  therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws

27  are irrelevant and no answer is required.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8.  Answering Paragraph 8 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required. To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations. Defendants further aver that Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

9.  Answering Paragraph 9 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required. To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations. Defendants further aver that Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

10.  Answering Paragraph 10 of the Complaint, Defendants deny each and every allegation contained in Paragraph 10. Defendants further aver that Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

11.  Answering Paragraph 11 of the Complaint, Defendants deny that Plaintiff was without premium for overtime pay as required by law. Defendants aver that the remaining allegations set forth therein are conclusions of law, to which no answer is required. To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                    4                    ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

12.     Answering Paragraph 12 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.

13.     Answering Paragraph 13 of the Complaint, Defendants aver that the allegations set forth therein are conclusions of law, to which no answer is required.

14.     Answering Paragraph 14 of the Complaint, Defendants deny each and every allegation contained in Paragraph 14.  Defendants further aver that Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

15.     Answering Paragraph 15 of the Complaint, Defendants deny each and every allegation contained in Paragraph 15.

16.     Answering Paragraph 16 of the Complaint, Defendants deny each and every allegation contained in Paragraph 16.

17.     Answering Paragraph 17 of the Complaint, Defendants admit that Plaintiff was not required to hold a specific degree.

18.     Answering Paragraph 18 of the Complaint, Defendants deny each and every allegation contained in Paragraph 18.  Defendants further aver that Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

19.     Answering Paragraph 19 of the Complaint, Defendants aver that the allegations set forth in Paragraph 19 are conclusions of law, to which no answer is required.  To the extent any such allegations are not deemed to be conclusions of law, Defendants deny such allegations.

20.     Answering Paragraph 20 of the Complaint, Defendants aver that the allegations set forth in Paragraph 20 are conclusions of law, to which no answer is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                    5             ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

1  required.  To the extent any such allegations are not deemed to be conclusions of

2  law, Defendants deny such allegations.

3      21.    Answering Paragraph 21 of the Complaint, Defendants aver that the

4  allegations set forth in Paragraph 21 are conclusions of law, to which no answer is

5  required.  To the extent any such allegations are not deemed to be conclusions of

6  law, Defendants deny such allegations.

7      22.    Answering Paragraph 22 of the Complaint, Defendants aver that the

8  allegations set forth in Paragraph 22 are conclusions of law, to which no answer is

9  required.  To the extent any such allegations are not deemed to be conclusions of

10  law, Defendants deny such allegations.

11      23.    Answering Paragraph 23 of the Complaint, Defendants aver that the

12  allegations set forth in Paragraph 23 are conclusions of law, to which no answer is

13  required.  To the extent any such allegations are not deemed to be conclusions of

14  law, Defendants deny such allegations.

15      24.    Answering Paragraph 24 of the Complaint, Defendants deny each and

16  every allegation contained in Paragraph 24.  Defendants further aver that Plaintiff's

17  claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed

18  by the Court's order granting in part and denying in part Defendants' motion to

19  dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

20  Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

21      25.    Answering Paragraph 25 of the Complaint, Defendants deny each and

22  every allegation contained in Paragraph 25.  Defendants further aver that Plaintiff's

23  claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed

24  by the Court's order granting in part and denying in part Defendants' motion to

25  dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

26  Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

27      26.    Answering Paragraph 26 of the Complaint, Defendants admit that they

28  maintain time records for Plaintiff, who recorded and received overtime pay.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                6            ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                          COUNTERCLAIM (3:08-CV-00152)

1    Except as expressly admitted, Defendants deny the remaining factual allegations in

2    Paragraph 26 of the Complaint.  Defendants aver that the remaining allegations set

3    forth therein are conclusions of law, to which no answer is required.  To the extent

4    any such allegations are not deemed to be conclusions of law, Defendants deny

5    such allegations.

6        27.    Answering Paragraph 27 of the Complaint, Defendants aver that the

7    allegations set forth in Paragraph 27 are conclusions of law, to which no answer is

8    required.  To the extent any such allegations are not deemed to be conclusions of

9    law, Defendants deny such allegations.  Defendants further aver that Plaintiff's

10   claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed

11   by the Court's order granting in part and denying in part Defendants' motion to

12   dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

13   Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

14               **JURISDICTION AND VENUE**

15       28.    Answering Paragraph 28 of the Complaint, Defendants admit that this

16   Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C.

17   § 1331.

18       29.    Answering Paragraph 29 of the Complaint, Defendants deny each and

19   every allegation set forth in Paragraph 29.  Defendants further aver that Plaintiff's

20   claims to recover unpaid compensation pursuant to CA Labor Laws, and the

21   accompanying class claims, were dismissed by the Court's order granting in part

22   and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and,

23   therefore, the allegations set forth in this Paragraph are irrelevant and no answer is

24   required.

25       30.    Answering Paragraph 30 of the Complaint, Defendants deny each and

26   every allegation set forth in Paragraph 30.  Defendants further aver that Plaintiff's

27   claims to recover unpaid compensation pursuant to CA Labor Laws were dismissed

28   by the Court's order granting in part and denying in part Defendants' motion to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                    7              ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                COUNTERCLAIM (3:08-CV-00152)

1  dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

2  Paragraph concerning the CA Labor Laws are irrelevant and no answer is required.

3        31.    Answering Paragraph 31 of the Complaint, Defendants aver that the

4  allegations set forth therein are conclusions of law, to which no answer is required.

5        32.    Answering Paragraph 32 of the Complaint, Defendants aver that the

6  allegations set forth therein are conclusions of law, to which no answer is required.

7                                    **PARTIES**

8        33.    Answering Paragraph 33 of the Complaint, Defendants aver that

9  Jimenez was employed by JPMorgan Chase Bank, N.A. in the state of California as

10  a "Bilingual Inbound Lending Specialist" from approximately October 2006

11  through July 2007.  Defendants expressly deny that she was employed by any other

12  Corporate Defendant.  Defendants lack information sufficient to form a belief as to

13  the truth or falsity of Plaintiff's allegation that she is a resident of the State of

14  California, and on that basis, denies that allegation.  Defendants deny the remainder

15  of the allegations in their entirety.

16        34.    Answering Paragraph 34 of the Complaint, Defendants aver that the

17  allegations set forth therein are conclusions of law, to which no answer is required.

18        35.    Answering Paragraph 35 of the Complaint, Defendant JPMorgan

19  Chase & Co. admits that it is a corporation organized under the laws of the State of

20  Delaware.  Except as expressly admitted, JPMorgan Chase & Co. denies the

21  remaining allegations in Paragraph 35 of the Complaint.

22        36.    Answering Paragraph 36 of the Complaint, Defendant JPMorgan

23  Chase Bank, N.A. avers that it currently is and has been since 2004 a national

24  banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio

25  43240, and does business in the state of California.  Except as expressly admitted,

26  Defendant JPMorgan Chase Bank, N.A. denies the remaining allegations in

27  Paragraph 36 of the Complaint.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                        8              ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                   COUNTERCLAIM (3:08-CV-00152)

1    37.    Answering Paragraph 37 of the Complaint, Defendant Chase

2    Manhattan Mortgage Corporation denies the allegations contained therein.

3    38.    Answering Paragraph 38 of the Complaint, Defendant JPMorgan

4    Chase Bank, N.A. avers that it provides financial and loan products and services

5    nationally, and employed Plaintiff in California as a "Bilingual Inbound Lending

6    Specialist." Except as expressly admitted, Defendants deny the remaining

7    allegations in Paragraph 38 of the Complaint.

8    **COLLECTIVE/CLASS ACTION ALLEGATIONS**

9    39.    Answering Paragraph 39 of the Complaint, Defendants admit that

10    Plaintiff seeks to bring this action on behalf of a class of persons as described

11    therein, but deny that Plaintiff should be allowed to bring this action on behalf of

12    the class or as a collective action. Defendants deny all remaining allegations in

13    Paragraph 39 of the Complaint. Defendants further aver that Plaintiff's claims to

14    recover unpaid compensation pursuant to CA Labor Laws, and accompanying class

15    claims, were dismissed by the Court's order granting in part and denying in part

16    Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations

17    set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no

18    answer is required.

19    40.    Answering Paragraph 40 of the Complaint, Defendants admit that

20    Plaintiff seeks to bring a collective and class action, but deny that Plaintiff should

21    be allowed to bring this action on a collective basis or as a class action. Defendants

22    aver that the remaining allegations set forth therein are conclusions of law, to which

23    no answer is required. To the extent any such allegations are not deemed to be

24    conclusions of law, Defendants deny such allegations. Defendants further aver that

25    Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws, and

26    accompanying class claims, were dismissed by the Court's order granting in part

27    and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and,

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

1  therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws

2  are irrelevant and no answer is required.

3       41.     Answering Paragraph 41 of the Complaint, Defendants aver that the

4  allegations set forth therein are conclusions of law, to which no answer is required.

5  To the extent any such allegations are not deemed to be conclusions of law,

6  Defendants deny such allegations.  Defendants further aver that Plaintiff's claims to

7  recover unpaid compensation pursuant to CA Labor Laws, and accompanying class

8  claims, were dismissed by the Court's order granting in part and denying in part

9  Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations

10  set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no

11  answer is required.

12       42.     Answering Paragraph 42 of the Complaint, Defendants aver that the

13  allegations set forth therein are conclusions of law, to which no answer is required.

14  To the extent any such allegations are not deemed to be conclusions of law,

15  Defendants deny such allegations.  Defendants further aver that Plaintiff's claims to

16  recover unpaid compensation pursuant to CA Labor Laws, and accompanying class

17  claims, were dismissed by the Court's order granting in part and denying in part

18  Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations

19  set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no

20  answer is required.

21       43.     Answering Paragraph 43 of the Complaint, Defendants aver that the

22  allegations set forth therein are conclusions of law, to which no answer is required.

23  To the extent any such allegations are not deemed to be conclusions of law,

24  Defendants deny such allegations.  Defendants further aver that Plaintiff's claims to

25  recover unpaid compensation pursuant to CA Labor Laws, and accompanying class

26  claims, were dismissed by the Court's order granting in part and denying in part

27  Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations

28  set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

1    answer is required. Defendants specifically deny that Plaintiff should be allowed to

2    bring this action as a collective action and specifically deny that Plaintiff or others

3    are entitled to the relief alleged therein.

4        44.    Answering Paragraph 44 of the Complaint, Defendants aver that the

5    allegations set forth therein are conclusions of law, to which no answer is required.

6    To the extent any such allegations are not deemed to be conclusions of law,

7    Defendants deny such allegations. Defendants further aver that Plaintiff's claims to

8    recover unpaid compensation pursuant to CA Labor Laws, and accompanying class

9    claims, were dismissed by the Court's order granting in part and denying in part

10   Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations

11   set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no

12   answer is required. Defendants specifically deny that Plaintiff should be allowed to

13   bring this action as a collective action and specifically deny that Plaintiff or others

14   are entitled to the relief alleged therein.

15       45.    Answering Paragraph 45 of the Complaint, Defendants aver that the

16   allegations set forth therein are conclusions of law, to which no answer is required.

17   To the extent any such allegations are not deemed to be conclusions of law,

18   Defendants deny such allegations. Defendants further aver that Plaintiff's claims to

19   recover unpaid compensation pursuant to CA Labor Laws, and accompanying class

20   claims, were dismissed by the Court's order granting in part and denying in part

21   Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations

22   set forth in this Paragraph concerning the CA Labor Laws are irrelevant and no

23   answer is required. Defendants specifically deny that Plaintiff should be allowed to

24   bring this action as a collective action and specifically deny that Plaintiff or others

25   are entitled to the relief alleged therein.

26       46.    Answering Paragraph 46 of the Complaint and each of its subparts,

27   Defendants aver that the allegations set forth therein are conclusions of law, to

28   which no answer is required. To the extent any such allegations are not deemed to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                              11              ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                          COUNTERCLAIM (3:08-CV-00152)

1    be conclusions of law, Defendants deny such allegations.  Defendants further aver

2    that Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws,

3    and accompanying class claims, were dismissed by the Court's order granting in

4    part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and,

5    therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws

6    are irrelevant and no answer is required.

7         47.    Answering Paragraph 47 of the Complaint, to the extent that the

8    paragraph makes any factual allegations, Defendants deny such allegations.

9    Defendants further aver that Plaintiff's claims to recover unpaid compensation

10   pursuant to CA Labor Laws, and accompanying class claims, were dismissed by the

11   Court's order granting in part and denying in part Defendants' motion to dismiss

12   Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph

13   concerning the CA Labor Laws are irrelevant and no answer is required.

14   **ALLEGATIONS SPECIFIC TO THE**

15   **NATIONWIDE COLLECTIVE CLASS**

16        48.    Answering Paragraph 48 of the Complaint, Defendants admit that

17   Plaintiff seeks to bring this action on behalf of a class of persons as described

18   therein, but deny that Plaintiff should be allowed to bring this action on behalf of

19   the class or as a class action.  Defendants deny all remaining allegations in

20   Paragraph 48 of the Complaint.  Defendants specifically deny that Plaintiff should

21   be allowed to bring this action as a collective action.

22        49.    Answering Paragraph 49 of the Complaint, to the extent that the

23   paragraph makes any factual allegations, Defendants deny such allegations.

24   **ALLEGATIONS SPECIFIC TO THE CALIFORNIA CLASS ACTION**

25        50.    Answering Paragraph 50 of the Complaint, Defendants aver that

26   Plaintiff's claims to recover unpaid compensation pursuant to CA Labor Laws, and

27   accompanying class claims, were dismissed by the Court's order granting in part

28   and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3       12      ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

1  therefore, the allegations set forth in this Paragraph concerning the CA Labor Laws

2  are irrelevant and no answer is required.

3  **COUNT ONE**

4      51.    In response to Paragraph 51 of the Complaint, Defendants incorporate

5  herein their responses to all prior paragraphs of the Complaint.

6      52.    Answering Paragraph 52 of the Complaint, Defendants admit that

7  JPMorgan Chase Bank, N.A. and Chase Manhattan Mortgage Company are

8  engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§

9  206(a) and 207(a). Defendants deny every remaining allegation contained within

10 Paragraph 52.

11     53.    Answering Paragraph 53 of the Complaint, Defendants aver that

12 JPMorgan Chase Bank, N.A. employed Jimenez from approximately October 2006

13 through July 2007. Except as expressly admitted, Defendants deny every remaining

14 allegation contained in Paragraph 53.

15     54.    Answering Paragraph 54 of the Complaint, Defendants deny each and

16 every allegation contained in Paragraph 54.

17     55.    Answering Paragraph 55 of the Complaint, Defendants deny each and

18 every allegation contained in Paragraph 55.

19     56.    Answering Paragraph 56 of the Complaint, Defendants aver that the

20 allegations set forth therein are conclusions of law, to which no answer is required.

21 To the extent any such allegations are not deemed to be conclusions of law,

22 Defendants deny such allegations.

23     57.    Answering Paragraph 57 of the Complaint, Defendants aver that the

24 allegations set forth therein are conclusions of law, to which no answer is required.

25 To the extent any such allegations are not deemed to be conclusions of law,

26 Defendants deny such allegations.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3

13

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

## COUNT TWO (DISMISSED)

58.    In response to Paragraph 58 of the Complaint, Defendants incorporate herein their responses to all prior paragraphs of the Complaint.

59.    Answering Paragraph 59 of the Complaint, Count Two was dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph are irrelevant and no answer is required.  To the extent any such allegations are not deemed irrelevant, Defendants deny such allegations.

60.    Answering Paragraph 60 of the Complaint, Count Two was dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph are irrelevant and no answer is required.  To the extent any such allegations are not deemed irrelevant, Defendants deny such allegations.

61.    Answering Paragraph 61 of the Complaint, Count Two was dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph are irrelevant and no answer is required.  To the extent any such allegations are not deemed irrelevant, Defendants state that Wage Order 4-2001, 8 C.C.R. Section 1040, and Labor Code § 510(a), and case law interpreting them, speaks for themselves.

62.    Answering Paragraph 62 of the Complaint, Count Two was dismissed by the Court's order granting in part and denying in part Defendants' motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this Paragraph are irrelevant and no answer is required.  To the extent any such allegations are not deemed irrelevant, Defendants state that Labor Code § 510(a), and the case law interpreting it, speaks for itself.

63.    Answering Paragraph 63 of the Complaint, Count Two was dismissed by the Court's order granting in part and denying in part Defendants' motion to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

2    Paragraph are irrelevant and no answer is required.  To the extent any such

3    allegations are not deemed irrelevant, Defendants deny such allegations.

### COUNT THREE (DISMISSED)

5    64.    In response to Paragraph 64 of the Complaint, Defendants incorporate

6    herein their responses to all prior paragraphs of the Complaint.

7    65.    Answering Paragraph 65 of the Complaint, Count Three was dismissed

8    by the Court's order granting in part and denying in part Defendants' motion to

9    dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

10    Paragraph are irrelevant and no answer is required.  To the extent any such

11    allegations are not deemed irrelevant, Defendants state that Labor Code § 512(a),

12    and the case law interpreting it, speaks for itself.

13    66.    Answering Paragraph 66 of the Complaint, Count Three was dismissed

14    by the Court's order granting in part and denying in part Defendants' motion to

15    dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

16    Paragraph are irrelevant and no answer is required.  To the extent any such

17    allegations are not deemed irrelevant, Defendants deny such allegations.

### COUNT FOUR (DISMISSED)

19    67.    In response to Paragraph 67 of the Complaint, Defendants incorporate

20    herein their responses to all prior paragraphs of the Complaint.

21    68.    Answering Paragraph 68 of the Complaint, Count Four was dismissed

22    by the Court's order granting in part and denying in part Defendants' motion to

23    dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

24    Paragraph are irrelevant and no answer is required.  To the extent any such

25    allegations are not deemed irrelevant, Defendants state that Wage Order 4-2001,

26    and the case law interpreting it, speaks for itself.

27    69.    Answering Paragraph 69 of the Complaint, Count Four was dismissed

28    by the Court's order granting in part and denying in part Defendants' motion to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                    15            ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                              COUNTERCLAIM (3:08-CV-00152)

1    dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

2    Paragraph are irrelevant and no answer is required.  To the extent any such

3    allegations are not deemed irrelevant, Defendants deny such allegations.

4         70.    Answering Paragraph 70 of the Complaint, Count Four was dismissed

5    by the Court's order granting in part and denying in part Defendants' motion to

6    dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

7    Paragraph are irrelevant and no answer is required.  To the extent any such

8    allegations are not deemed irrelevant, Defendants deny such allegations.

9    **COUNT FIVE (DISMISSED)**

10        71.    In response to Paragraph 71 of the Complaint, Defendants incorporate

11   herein their responses to all prior paragraphs of the Complaint.

12        72.    Answering Paragraph 72 of the Complaint, Count Five was dismissed

13   by the Court's order granting in part and denying in part Defendants' motion to

14   dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

15   Paragraph are irrelevant and no answer is required.  To the extent any such

16   allegations are not deemed irrelevant, Defendants deny such allegations.

17   **COUNT SIX (DISMISSED)**

18        73.    In response to Paragraph 73 of the Complaint, Defendants incorporate

19   herein their responses to all prior paragraphs of the Complaint.

20        74.    Answering Paragraph 74 of the Complaint, Count Six was dismissed

21   by the Court's order granting in part and denying in part Defendants' motion to

22   dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

23   Paragraph are irrelevant and no answer is required.  To the extent any such

24   allegations are not deemed irrelevant, Defendants deny such allegations.

25        75.    Answering Paragraph 75 of the Complaint, Count Six was dismissed

26   by the Court's order granting in part and denying in part Defendants' motion to

27   dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                    16              ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                 COUNTERCLAIM (3:08-CV-00152)

1    Paragraph are irrelevant and no answer is required.  To the extent any such

2    allegations are not deemed irrelevant, Defendants deny such allegations.

3                              **COUNT SEVEN (DISMISSED)**

4        76.    In response to Paragraph 76 of the Complaint, Defendants incorporate

5    herein their responses to all prior paragraphs of the Complaint.

6        77.    Answering Paragraph 77 of the Complaint, Count Seven was

7    dismissed by the Court's order granting in part and denying in part Defendants'

8    motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in

9    this Paragraph are irrelevant and no answer is required.  To the extent any such

10   allegations are not deemed irrelevant, Defendants state that Labor Code § 2802, and

11   the case law interpreting it, speaks for itself.

12       78.    Answering Paragraph 78 of the Complaint, Count Seven was

13   dismissed by the Court's order granting in part and denying in part Defendants'

14   motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in

15   this Paragraph are irrelevant and no answer is required.  To the extent any such

16   allegations are not deemed irrelevant, Defendants deny such allegations.

17       79.    Answering Paragraph 79 of the Complaint, Count Seven was

18   dismissed by the Court's order granting in part and denying in part Defendants'

19   motion to dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in

20   this Paragraph are irrelevant and no answer is required.  To the extent any such

21   allegations are not deemed irrelevant, Defendants deny such allegations.

22                             **COUNT EIGHT (DISMISSED)**

23       80.    In response to Paragraph 80 of the Complaint, Defendants incorporate

24   herein their responses to all prior paragraphs of the Complaint.

25       81.    Answering Paragraph 81 of the Complaint, Count Eight was dismissed

26   by the Court's order granting in part and denying in part Defendants' motion to

27   dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                17                    ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                                   COUNTERCLAIM (3:08-CV-00152)

1    Paragraph are irrelevant and no answer is required.  To the extent any such

2    allegations are not deemed irrelevant, Defendants deny such allegations.

3         82.    Answering Paragraph 82 of the Complaint, Count Eight was dismissed

4    by the Court's order granting in part and denying in part Defendants' motion to

5    dismiss Plaintiff's Complaint, and, therefore, the allegations set forth in this

6    Paragraph are irrelevant and no answer is required.  To the extent any such

7    allegations are not deemed irrelevant, Defendants deny such allegations.

8                            **PRAYER FOR RELIEF**

9         83.    Defendants deny that Plaintiff is entitled to any of the relief sought

10   against Defendants in the Prayer, or to any relief whatsoever, on Plaintiff's behalf

11   individually or on behalf of the alleged putative class or collective action members

12   she purports to represent, the existence of which is expressly denied.

13                                **DEFENSES**

14        84.    Defendants have not completed their investigation on the facts of this

15   case, have not completed discovery in this matter, and have not completed their

16   preparation for trial.  The defenses stated herein are based on Defendants'

17   knowledge, information, and belief at this time, and Defendants specifically reserve

18   the right to modify, amend, or supplement any defense contained herein at any

19   time.

20        Without conceding that they bear the burden of proof or persuasion as to any

21   one of them, Defendants assert the following separate defenses to the Complaint:

22                              **FIRST DEFENSE**

23                        (Failure to State a Cause of Action)

24        85.    The Complaint fails to state facts sufficient to state claims upon which

25   relief can be granted against Defendants.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                18                 ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                                COUNTERCLAIM (3:08-CV-00152)

1

## SECOND DEFENSE

(Lack of Standing)

86.    The named Plaintiff lacks standing under the FLSA and cannot represent the interest of others as to each purported claim.

## THIRD DEFENSE

(Uncertainty)

87.    Plaintiff's claims, and the claims of each putative member of the collective action, are barred in whole or in part because the Complaint is uncertain in that the purported collective action definition is ambiguous and conclusory.

## FOURTH DEFENSE

(Conduct Reasonable and In Good Faith/Not Willful)

88.    Defendants contend that if Defendants are found to have failed to pay Plaintiff, and any putative member of the purported collective action defined in the Complaint, any amount due, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable belief that they had complied fully with federal wage and hour laws.

## FIFTH DEFENSE

(Good Faith)

89.    Defendants' failure to pay Plaintiff overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor, California's Industrial Welfare Commission, California's Division of Labor Standards and Enforcement, and other federal and state authorities.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                    19                    ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

1

## SIXTH DEFENSE

2

(Failure to Exhaust Internal and Administrative Remedies/Preconditions)

3       90.     The claims of Plaintiff and each putative member of the collective

4 action that Plaintiff purports to represent are barred to the extent that Plaintiff has

5 failed to exhaust her internal and/or administrative remedies.

6

## SEVENTH DEFENSE

7

(Statute of Limitations)

8       91.     Plaintiff's claims are barred or limited by the applicable statute(s) of

9 limitations, including, but not limited to, 29 U.S.C. §255(a).

10

## EIGHTH DEFENSE

11

(Not Appropriate for Collective Action)

12       92.     The types of claims alleged by the named Plaintiff on behalf of herself

13 and the alleged collective action, the existence of which is expressly denied, are not

14 appropriate for collective action treatment.

15

## NINTH DEFENSE

16

(Failure to Mitigate)

17       93.     The monetary claims of Plaintiff and certain members of the purported

18 collective action are barred, in whole or in part, because they have not appropriately

19 or adequately mitigated their damages, if any.

20

## TENTH DEFENSE

21

(Waiver of Claims)

22       94.     The claims of Plaintiff and certain members of the purported collective

23 action are barred in whole or in part because such claims have been waived,

24 discharged, abandoned, and/or released.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

**ELEVENTH DEFENSE**

(Accord and Satisfaction, Payment)

95.    The claims, or some of them, of Plaintiff and certain members of the purported collective action are barred in whole or in part by the principles of accord and satisfaction, and payment.

**TWELFTH DEFENSE**

(Setoff and Recoupment)

96.    If any damages have been sustained by Plaintiff, or by any members of the purported collective action, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff or putative collective action members owed to Defendants against any judgment that may be entered against Defendants.

**THIRTEENTH DEFENSE**

(Excessive Fines)

97.    An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States and California Constitutions.

**FOURTEENTH DEFENSE**

(Action Unconstitutional)

98.    Proceeding by way of a collective action, based upon the facts and circumstances of this case, would constitute a denial of Defendants' right to due process under the Fourteenth Amendment of the United States Constitution, and the California Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3

21

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

1

## FIFTEENTH DEFENSE

2

(Federal Law Overtime Exemption)

3    99.    Plaintiff and the class she purports to represent are exempt from

4  overtime and minimum wage requirements under the FLSA, including but not

5  limited to, the exemptions set forth in 29 U.S.C. Sections 207(i) and 213(a)(1).

6

## SIXTEENTH DEFENSE

7

(Not the Employer)

8    100.    As a separate affirmative defense to the Complaint and to every cause

9  of action alleged therein, Defendants allege that they were not at all times the

10  employer of Plaintiff and the putative members of the collective action defined in

11  the Complaint.

12

## RESERVATION OF RIGHTS

13    Defendants reserve the right to assert such additional defenses that may

14  appear and prove applicable during the course of this litigation.

15    WHEREFORE, Defendants pray for judgment that:

16    A.    The Court deny Plaintiff's request to provide notice or otherwise allow

17  this action to proceed as a collective action;

18    B.    Plaintiff takes nothing by reason of the Complaint on file herein, and

19  that said Complaint be dismissed with prejudice;

20    C.    Judgment be entered in favor of Defendants and against Plaintiff on all

21  causes of action;

22    D.    Defendants be awarded their costs of suit incurred herein;

23    E.    Defendants be awarded their attorneys' fees incurred by this action;

24  and

25    F.    The Court award Defendants such other and further relief as it deems

26  just and proper.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3

22

ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

## COUNTERCLAIM FOR BREACH OF RELEASE AGREEMENT
## ON BEHALF OF ALL DEFENDANTS

101.   On July 30, 2007, Plaintiff and Defendants entered into a Release Agreement in which, in exchange for "severance pay, severance-related benefits and career services," Plaintiff agreed to release Defendants "from all liability for an claims or potential claims relating to [her] employment with the Company and/or termination of [her] employment," subject to limited exceptions.

102.   The Release Agreement also provides:

> The claims [Plaintiff is] releasing include, but are not limited to … state or local wage and hour laws[.]

103.   In the Release Agreement, Plaintiff also agreed not to participate in a class or collective action, as follows:

> I agree that if a class or collective action is brought against the Company and I could be a participant in such action because of my employment with the Company, I will opt out of the class or collective action or refrain from opting in.

104.   The Release Agreement further provides that Defendants are entitled to both monetary damages following from Plaintiff's breach, as well as injunctive relief:

> I agree that violating my continuing obligations outlined in this Release will be considered a material breach of this Release and that in such case it will be appropriate for the Company to take legal action to ask for money and an injunction.  I agree that any injunction the Company obtains will be in addition to any money damages.  I further understand that if I violate the terms of this Release, any of the severance pay and benefits I received because of this Release or the Notice Letter will stop and/or be due and owing to the Company.

105.   On January 24, 2008, Plaintiff filed a Complaint against Defendants, which initiated the instant action.  The Complaint asserted causes of action for, among other things, alleged wage and hour violations under California state law. Plaintiff, moreover, sought to bring her state wage and hour claims "as a class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                                23                ANSWER TO PLAINTIFF'S COMPLAINT AND
COUNTERCLAIM (3:08-CV-00152)

1    action on behalf of all current and former loan officers within the State of

2    California[.]"  Complaint, ¶ 4.

3         106.   The Complaint also asserted a claim for unpaid overtime under the

4    Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.  Plaintiff sought to bring her

5    FLSA claim "on behalf of the Nationwide Collective Class who elect to opt-in to

6    this action[.]"  Complaint, ¶ 8.

7         107.   By filing the instant action, Plaintiff violated the Release Agreement.

8         108.   On April 3, 2008, Defendants filed a motion to dismiss Plaintiff's

9    Complaint pursuant to the Release Agreement.

10        109.   On May 8, 2008, the Honorable Thomas J. Whelan granted in part and

11   denied in part Defendants' motion to dismiss, dismissing Plaintiff's Second through

12   Eighth Causes of Action.  Judge Whelan found the Release Agreement valid and

13   enforceable, and held that it "prevent[ed] Plaintiff from bringing any state wage and

14   hour claims."

15        110.   Judge Whelan further noted that "it is clear that a party may waive the

16   right to bring a collective FLSA action[,]" and that "Plaintiff has probably waived

17   her right to bring a class or collective action under Rule 23 and/or the FLSA."

18        111.   As a direct result of Plaintiff's breach of the Release Agreement,

19   Defendants have suffered damages, including but not limited to, attorneys' fees,

20   disbursements, and litigation costs incurred in obtaining the dismissal of the Second

21   through Eighth Causes of Action, and will incur additional damages in opposing

22   Plaintiff's efforts to certify a collective action at a later stage in these proceedings.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1-LA/993216.3                    24                    ANSWER TO PLAINTIFF'S COMPLAINT AND
                                                      COUNTERCLAIM (3:08-CV-00152)

1    **WHEREFORE**, Defendants demands damages for Plaintiff's breach of the

2    Release Agreement in an amount to be determined at trial, as well as an Order

3    enjoining Plaintiff from seeking to proceed collectively on her FLSA claim.

4

5    Dated: May 22, 2008                     MORGAN, LEWIS & BOCKIUS LLP
                                              JENNIFER WHITE-SPERLING
6                                             JASON S. MILLS

7

8                                            By___/s/ Jason S. Mills_____
                                                Jason S. Mills
9                                               Attorneys for Defendants
                                                JPMORGAN CHASE & CO.;
10                                              JPMORGAN CHASE BANK, N.A.;
                                                CHASE MANHATTAN MORTGAGE
11                                              CORP.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
 LOS ANGELES

1    **PROOF OF SERVICE**

2    I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is 300 South Grand Avenue,

3    Twenty-Second Floor, Los Angeles, California 90071-3132.

4    On May 22, 2008, I served the within document(s):

5    DEFENDANTS JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., AND CHASE MANHATTAN MORTGAGE COMPANY'S ANSWER TO

6    PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

7    ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8    ☐    by placing the document(s) listed above in a sealed envelope with postage

9    thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

10   ☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a

11   _____ agent for delivery.

12   ☐    by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

13   X    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

14

15   Alan R. Plutzik, Esq.                     Joseph K. Meltzer
     L. Timothy Fisher, Esq.                   Gerald D. Wells, III
     Schiffrin Barroway Topaz & Kessler, LLP   Robert J. Gray

16   2125 Oak Grove Road, Suite 120            Robert W. Biela
     Walnut Creek, CA 94598                    280 King of Prussia Road

17   Tel:  925.945.0700                        Radnor, PA 19087
     Fax:  925.945.8792                        Tel:   610.667.7706

18   (SEE ATTACHED CONFIRMATION)               Fax:   610.667.7056
                                               (SEE ATTACHED

19                                             CONFIRMATION)

20   I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S.

21   Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if

22   postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

23   Executed on May 22, 2008, at Los Angeles, California.

24   I declare under penalty of perjury that I am employed in the office of a member of

25   the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

26

27   _____
                 YVONNE CEBALLOS

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  LOS ANGELES

1-LA/981221.1                                                          ()