FILED
SEP 23 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION JIMENEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; CHASE MANHATTAN MORTGAGE CORP.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08cv0152 W (WMc)<br><br>Hon. Thomas J. Whelan<br><br>**ORDER RE DISMISSAL WITH PREJUDICE OF ALL CLAIMS (Doc. No. 42)** |

By this stipulated motion, the parties seek this Court's approval of the settlement of Plaintiff Concepcion Jimenez's claim under the Fair Labor Standards Act ("FLSA"), §§ 210, *et seq.* FLSA claims can only be settled under the supervision of either the Secretary of Labor or the district court. *Lynn's Food*

*Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982)). To obtain district court approval, the parties must "present to the court a proposed settlement, upon which the court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *See Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 60683 at *1 (N.D. Cal. Aug. 8, 2007) (citing *Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n. 8 (1946); *Lynn's Food Stores, Inc.*, 679 F. 2d at 1353). Moreover, "[i]n reviewing the fairness of such a settlement, a court must determine whether the settlement is a fair and reasonable resolution of a bona fide dispute." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F. 2d at 1354 ("If a settlement in an employee FLSA suit ... reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation")).

After a confidential *in camera* review of the Settlement Agreement presented by the parties, the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiff's FLSA claim, including the amount contemplated to be paid to Plaintiff for resolution of her claim. The Court, moreover, has determined that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See, e.g. Officers for Justice v. Civil Service Commission,* 688 F. 2d 615, 625 (9th Cir. 1982). Finally, in approving the parties' settlement agreement, the Court balanced numerous factors, including the strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. *See, e.g. Torrisi v. Tucson Electric Power Co.*, 8 F. 3d 1370, 1375 (9th Cir. 1993). Accordingly, the Court approves the settlement in its entirety.

| | |
|---|---|
| 1 | The Court, thus having approved of the settlement of the claims in this matter, hereby **DISMISSES WITH PREJUDICE** all claims brought by Plaintiff Concepcion Jimenez in her complaint, filed January 24, 2008, including her sole remaining cause of action for alleged failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as her Second through Eighth causes of action, which this Court previously dismissed without prejudice by Order dated May 8, 2008. This dismissal is only as to Plaintiff Concepcion Jimenez's individual claims, and has no effect on the individual claims of any individual other than Plaintiff Jimenez. The Court further **DISMISSES WITH PREJUDICE** all claims brought against Plaintiff Concepcion Jimenez by Defendants in Defendants' Counterclaim for Breach of Release Agreement on Behalf of All Defendants. The parties shall bear their own costs and attorneys' fees in this litigation. |

The Court, thus having approved of the settlement of the claims in this matter, hereby **DISMISSES WITH PREJUDICE** all claims brought by Plaintiff Concepcion Jimenez in her complaint, filed January 24, 2008, including her sole remaining cause of action for alleged failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as her Second through Eighth causes of action, which this Court previously dismissed without prejudice by Order dated May 8, 2008. This dismissal is only as to Plaintiff Concepcion Jimenez's individual claims, and has no effect on the individual claims of any individual other than Plaintiff Jimenez. The Court further **DISMISSES WITH PREJUDICE** all claims brought against Plaintiff Concepcion Jimenez by Defendants in Defendants' Counterclaim for Breach of Release Agreement on Behalf of All Defendants. The parties shall bear their own costs and attorneys' fees in this litigation.

Neither this Order nor any other documents or information relating to the settlement of this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules, including but not limited to California Code of Civil Procedure § 382; (b) of an adjudication of the merits of this case or that any party has prevailed in this case; or (c) that the Defendants or others have engaged in any wrongdoing.

**IT IS SO ORDERED**

Date: September 23, 2008

_____
Hon. Thomas J. Whelan
United States District Judge
Southern District of California